UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
CMT DEVELOPERS LLC, AND DAVID KRAMER,

                *Plaintiffs,*

    -against-

ACIER HOLDINGS LLC, KNIGHT CONSTRUCTION, LLC, DOV ZABROWSKY, MOSHE GLATZER, AND JACOB GLATZER,

                *Defendants.*
-------------------------------------------------------------------X

Case No.: 3:21-cv-12517

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs, by and through their attorneys, Oved & Oved LLP, as and for their Verified Complaint, upon information and belief, set forth and allege as follows:

## SUMMARY OF CLAIMS

1.    This action seeks (a) a declaratory judgment that Defendants do not own any interest in Plaintiff CMT Developers LLC; (b) damages arising from Defendant Knight Construction LLC and Defendants' wanton misappropriation of funds slated exclusively for the construction of Plaintiffs' condominium project; and (c) injunctive relief prohibiting Defendants from continuing to falsely misrepresent to third parties that they have an ownership interest in CMT Developers LLC or any of its real estate development projects.

## PARTIES

2.    Plaintiff CMT Developers LLC ("CMT") is a New Jersey Limited Liability Company formed and founded by Plaintiff.

3.    Plaintiff David Kramer ("Kramer") is a resident of Brooklyn, NY and is the 100% owner of CMT.

4.    Plaintiff is a renowned and successful real estate businessmen and developer. Plaintiff has devoted the past thirty years to real estate and the past seven to running Hilltop

Management, a manager of residential buildings, commercial buildings, office buildings and "flex" buildings throughout the United States.

5. Defendant Acier Holdings LLC ("Acier") is a New Jersey Limited Liability Company.

6. Defendant Knight Construction, LLC ("Knight") is a New Jersey Limited Liability Company.

7. Defendant Dov Zabrowsky ("Dov") is a New Jersey resident.

8. Defendant Moshe Glatzer ("Moshe") is a New Jersey resident.

9. Defendant Jacob Glatzer ("Jacob") is a new Jersey resident.[1]

10. The Individual Defendants are the sole owners Acier.

11. The Individual Defendants are, directly, or indirectly, the owners, agents, affiliates, or successors-in-interest of, Knight.

## JURISDICTION & VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and Defendants, and the damage caused to Plaintiff exceeds $75,000.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) or (2).

## BACKGROUND

**A.   The Development Project**

14. In or around January 2016, CMT purchased the properties located at 901-931 East Jersey Street, Elizabeth, NJ (the "Property")—the former location of the Elizabeth General Medical Center—with the intention of developing the Property into a 514-unit apartment complex with ground floor retail space and an appurtenant parking garage (the "Development Project").

---

[1] Dov, Moshe and Jacob are hereinafter collectively referred to as the "Individual Defendants."

15. The general contractor for the Development Project is Knight.

16. The funds to construct the Development Project are deposited directly by CMT's lender into an account controlled by Knight (the "Development Funds") so that Knight can, provided acting lawfully and within the scope of its authority—promptly utilize those Development Funds to pay contractors, vendors and suppliers in connection with the Development Project.

17. Because the lender would not agree to make the loans underlying the Development Funds to CMT without Mr. Kramer's personal guaranty, Plaintiff has provided his personal guaranty to the lender to secure the loans used to fund the Development Funds and thus the Development Project.

**B.     Knight and the Individual Defendants
        Abuse Their Control Over the Development Funds to Misappropriate Same**

18. Over time, the Individual Defendants became engaged in, and distracted by, several other real estate development projects in which they, or their affiliated entity Acier, have an ownership interest (the "Other Projects").

19. As a result of these Other Projects, Knight's attention to CMT's Development Project waned and, as a direct consequence thereof, the Development Project has been severely delayed, stalled, languished and has proceeded at a glacial pace.

20. As a result, the Development Project's expected delivery deadline has passed and the Development Project is millions of dollars over its already-significantly increased and, often upwardly revised, budget.

21. Disturbingly, Plaintiffs recently discovered that Knight and the Individual Defendants have been misappropriating CMT's Development Funds for their own enrichment as well as the enrichment of their Other Projects.

22. Further, Individual Defendants, through Knight, have failed to deliver certain documentation to CMT that is necessary for CMT's new lender, which is delaying, and will potentially preclude, CMT's ability to refinance its present loan, forcing it to incur interest at a punitive rate.

C. **The Individual Defendants Misrepresent that They are Owners and Interfere in the Development Project**

23. Even more concerning is that recently, the Individual Defendants, in a concerted effort to bolster their own notoriety, standing and purported success, in order to enhance their ability to obtain financing and investors for their Other Projects, have unlawfully represented to federal banking institutions, prospective lenders, prospective investors, and even an attorney employed by CMT in connection with the Development Project, that the Individual Defendants, either directly or through Acier, have an ownership interest in CMT and/or the Development Project.

24. These misrepresentations are demonstrably false, and the Individual Defendants knew them to be demonstrably false when they were made

25. As a result of Defendants' misrepresentations, which have reached CMT's lenders, financial institutions, and even CMT's own counsel, CMT's business functions have been severely impacted, interrupted and injured.

26. Each and every day of delay occasioned by the Individual Defendants' misrepresentations costs CMT tens of thousands of dollars in additional, yet unnecessary, interest payments to its lenders.

27. Indeed, because of the interruption caused by the Individual Defendants' misrepresentations, even CMT's regulatory counsel, who has been handling a time-sensitive filing with the State of New Jersey concerning a tax abatement/PILOT for CMT's Development Project

felt compelled to cease performing any further necessary work on the Development Project until this matter has been resolved.

## AS AND FOR THE FIRST CAUSE OF ACTION
(Declaratory Judgment)

28. Plaintiffs repeat, reiterate and re-allege the preceding paragraphs with the same force and effect as if more fully set forth herein.

29. By reason of the foregoing, there is an actual justiciable controversy between Plaintiffs and Defendants concerning Defendants' false claims of an ownership interest in CMT and/or the Development Project.

30. This case presents a clear and immediate controversy that is ripe for adjudication because Defendants' misrepresentations concerning their alleged ownership interest in CMT and/or the Development Project is interfering with CMT's progress on the Development Project and hampering CMT's business operations.

31. Accordingly, Plaintiffs are entitled to a declaratory judgment that Defendants have no ownership interest in CMT and/or the Development Project.

## AS AND FOR THE SECOND CAUSE OF ACTION
**(Unjust Enrichment)**

32. Plaintiffs repeat, reiterate and re-allege the preceding paragraphs with the same force and effect as if more fully set forth herein.

33. Defendants have been unjustly enriched by their unlawful retention, self-dealing and improper and unauthorized utilization of the Development Funds, which were funded by Plaintiffs' lenders to be used solely and exclusively in connection with the Development Project, for their own individual benefit and for the benefit of their Other Projects.-

34. As a direct result of the foregoing, Defendants have been unjustly enriched in an

amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000).

35. Moreover, because Defendants' misappropriation of the Development Funds was done with malice, and with knowledge of and the intent to defraud Plaintiffs, Plaintiffs seek an award of punitive damages in an amount to be determined at trial but in no event less than Two Million Dollars ($2,000,000).

### .AS AND FOR THE THIRD CAUSE OF ACTION
**(Conversion)**

36. Plaintiffs repeat, reiterate and re-allege the preceding paragraphs with the same force and effect as if more fully set forth herein.

37. The Development Funds' monies Defendants misappropriated constitute specifically identifiable property.

38. CMT had a possessory right and possessory interest in the Development Funds because those funds were provided to CMT by its lenders to be used solely and exclusively in connection with the Development Project and for no other purpose.

39. As a result of Defendants' conversion of the Development Funds, Plaintiffs have been damaged in an to be determined at trial, but in no event less than Two Million Dollars ($2,000,000).

40. Further, because Defendants' conversion of the Development Funds was done with malice, and with knowledge of and the intent to defraud Plaintiffs, Plaintiffs seek an award of punitive damages in an amount to be determined at trial but in no event less than Two Million Dollars ($2,000,000).

### AS AND FOR THE THIRD CAUSE OF ACTION
**(False advertising Trademark Infringement and Unfair Competition)**

41. Plaintiffs repeat, reiterate and re-allege the preceding paragraphs with the same

force and effect as if more fully set forth herein.

42. Defendants misappropriated the results of Plaintiffs' labor, skill and expenditures through fraud, deception and other tortious conduct.

43. Defendants have unfairly competed, and continue to unfairly compete, with Plaintiffs by falsely claiming they have an ownership interest in CMT and misrepresenting CMT's project as their own in order to falsely promote themselves.

44. As a result of Defendants' misappropriation and misuse of CMT's name and accomplishments, Plaintiffs have suffered, and will continue to suffer, injury and irreparable harm unless enjoined by this court.

45. Plaintiffs have no adequate remedy at law.

46. In addition, Defendants' acts have caused substantial monetary damage to Plaintiffs and Plaintiffs' business operations, in an amount to be determined at trial but in no event less than Two Million Dollars ($2,000,000).

## **JURY DEMAND**

47. Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs demand the following judgment against Defendants:

(i) A declaratory judgment that Defendants do not possess any ownership interest in CMT and/or the Development Project;

(ii) Damages in an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000) for the Second Cause of Action;

(iii) Damages in an amount to be determined at trial but in no event less than Two Million Dollars ($2,000,000) for the Third Cause of Action;

(iv) Punitive or exemplary damages in an amount no less than Two Million Dollars ($2,000,000) for *each* of the Second and Third Causes of Action, for a total of no less than Four Million Dollars ($4,000,000);

(v) An injunction against Defendants enjoining them from (i) representing to any third parties that they have an ownership interest in CMT and/or the Development Project; (ii) interfering in the Development Project; (iii) withholding documents requested by, and necessary for, CMT's new

    lender;

(vi) Attorneys' fees, costs and disbursements of this action to the fullest extent permitted by law;

(vii) An award of pre-and post-judgment interest; and

(viii) Any and all other and further relief as the Court may deem just and proper.

Date: New York, New York  
   June 14, 2021

                  _____  
                  Terrence A. Oved, Esq.  
                  Aaron J. Solomon, Esq.  
                  Oved & Oved LLP  
                  *Attorneys for Plaintiffs*  
                  401 Greenwich Street  
                  New York, New York  10013  
                  Tel. 212.226.2375