Aaron J. Solomon, Esq.
OVED & OVED LLP
*Attorneys for Plaintiffs*
401 Greenwich Street
New York, NY 10013
TEL.: 212.226.2376

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------------X

CMT DEVELOPERS LLC AND DAVID KRAMER,

    *Plaintiffs/Counterclaim-Defendants,*

   -against-

ACIER HOLDINGS LLC, KNIGHT CONSTRUCTION,
LLC, DOV ZABROWSKY, MOSHE GLATZER, AND
JACOB GLATZER,

    *Defendants/Counterclaimants.*

-----------------------------------------------------------------------X

Case No.: 3:21-cv-12517

Hon. Zahid N. Quraishi

# MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS/COUNTERCLAIM-DEFENDANTS' MOTION TO DISMISS
## <u>DEFENDANTS/COUNTERCLAIMANTS' FIRST COUNTERCLAIM</u>

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES..................................................................................*ii*

PRELIMINARY STATEMENT ............................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................... 2

     A.    Summary of Defendants' Allegations in the Counterclaim................................. 2

     B.    Documents Incorporated by
           Reference in the First Counterclaim that Refute It ................................. 3

ARGUMENT ..................................................................................................... 5

     I.    THE FIRST COUNTERCLAIM MUST BE DISMISSED................................. 5

CONCLUSION.................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Cases**                                                                                              **Page(s)**

*ALA, Inc. v. CCAIR, Inc.*,
    29 F.3d 855 (3d Cir. 1994)..................................................................................6

*Baymont Franchise Sys. v. Bernstein Co., LLC*,
    No. 18-620-JMV-AME, 2021 U.S. Dist. LEXIS 130154
    (D.N.J. July 13, 2021).......................................................................................6

*Cessna v. REA Energy Coop., Inc.*,
    258 F. Supp. 3d 566 (W.D. Pa. 2017) ...............................................................6

*Frank Krammes Timber Harvesting, Inc. v. Letourneau Enters., LLC*,
    No. 3:18-cv-01914, 2019 U.S. Dist. LEXIS 143795
    (M.D. Pa. Aug. 22, 2019)..................................................................................6

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) ........................................................................5-6

*In re Synchronoss Tech.*,
    No. 17-7173 (FLW) (LHG), 2019 US Dist LEXIS 229476
    (D.N.J. Nov. 26, 2019)...................................................................................5-6

*Mahmood v. Nat'l Bd. of Med. Examiners*,
    No. 212-1544, 2012 U.S. Dist. LEXIS 156477
    (E.D. Pa. Oct. 31, 2012) ...................................................................................6

*Pension Benefit Guar. Corp. v. White Consol. Indus.*,
    998 F.2d 1192 (3d Cir. 1993)........................................................................5-6

*Perry v. Lee*,
    No. 19-17899 (FLW) (TJB), 2020 U.S. Dist. LEXIS 107631
    (D.N.J. June 19, 2020) ......................................................................................7

*Phillips v. Cty. Of Allegheny*,
    515 F.3d 224 (3d Cir. 2008).............................................................................2

*Rainforest Distrib. Corp. v. Vybes L.A. LLC*,
    No. 2:20-cv-00634 (BRM) (JSA), 2021 U.S. Dist. LEXIS 164663
    (D.N.J. Aug. 31, 2021)...................................................................................6-7

*Watterson v. Page*,
    987 F.2d 1 (1st Cir. 1993)..................................................................................6

**<u>Rules and Regulations</u>**　　　　　　　　　　　　　　　　　　　　　　　**<u>Page(s)</u>**

Fed. R. Civ. P. 12(b)(6),...........................................................................................................1, 5, 6

Plaintiffs CMT Developers LLC ("CMT") and David Kramer ("Kramer") (collectively, "Plaintiffs") respectfully submit this memorandum of law in support of their motion (the "Motion") to dismiss Defendants/Counterclaimants Acier Holdings, LLC ("Acier") , Knight Construction, LLC, Dov Zabrowsky, Moshe Glatzer, and Jacob Glatze's (collectively, "Defendants") First Counterclaim (the "First Counterclaim") pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## PRELIMINARY STATEMENT

Without reference or citation to any written agreement, Defendants' First Counterclaim contends that Acier has an unspecified "ownership interest" in CMT and thus possesses an ownership interest in the property that CMT owns and the apartment complex it is developing thereon (the "Jersey Walk Development").[2]  Counterclaim ¶ 66.  Acier's deafening silence as to how much of an ownership interest it allegedly possesses in CMT is unsurprising because Acier's Counterclaim expressly references unattached documents that directly refute this claim.

Specifically, as detailed in Point I, *infra*, Acier's Counterclaim alleges that its present ownership interest in CMT was established at a January 2018 meeting and then boasts that, thereafter, "on March 28, 2018, Acier sourced and helped close a $15,500,000.00 loan to CMT from TBG Development" (the "TBG Loan").  *Id.* ¶ 28.  However, in connection with the closing of the TBG Loan in March 2018, Acier executed and delivered to that lender a certification (the "Certification") swearing, *inter alia*, that annexed thereto as exhibit F was "a true, complete and correct copy of" CMT's amended and restated operating agreement (the "CMT AOA"), which plainly and repeatedly

---

[1] A copy of Defendants Answer, Affirmative Defenses & Counterclaims (the "Counterclaim") is annexed to the accompanying declaration of David Kramer (the "Kramer Dec.") as **Ex. A**.

[2] According to the Counterclaim, Acier is owned by Defendants Dov Zabrowsky as well as Moshe and Jacob Glatzer.  *Id.* ¶¶ 13, 18, 30.

states that David Kramer is CMT's sole member.  Indeed, that same Certification also states, a mere paragraph above Acier's signature, that CMT has a "sole member."

Thus, and as will be demonstrated herein, documents expressly referenced in the Complaint bar Defendants' First Counterclaim.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

**A.**   <u>Summary of Defendants' Allegations in the Counterclaim</u>[3]

According to Defendants' Counterclaim, "on January 29, 2016, CMT's [then] managing member, Zelcer (a member of Acier), sold CMT to Kramer for $11 million to bring him into the joint venture." *Id.* ¶ 17.  A copy of Assignment of Membership Interests conveying to Kramer a 100% ownership interest in CMT—signed by Mr. Zelcer—is annexed to the Kramer Dec. as **Ex. B**. However, Defendants' Counterclaim conveniently contends that this transaction should be ignored as merely a "paper transaction" and that, in January 2016, Kramer actually owned 10% of CMT. Counterclaim ¶ 17.

As further alleged in the Counterclaim, "[o]n January 11, 2018 . . . the parties agreed that Kramer would have an interest in sixty percent (60%) of the Jersey Walk Development [*i.e.* CMT] going forward. . . ." *Id.* ¶ 27.  To support Defendants' allegation that Acier possesses an unspecified ownership interest in CMT as a result of the alleged January 2018 meeting (the "January 2018 Meeting"), Defendants boast that, "on March 28, 2018, Acier sourced and helped close a $15,500,000.00 loan to CMT from TBG Development . . . ." *Id.* ¶ 28.

Predicated upon these allegations, Defendants seeks a declaration that Acier owns a, tellingly, unspecified "ownership interest" in CMT, and thus in the Jersey Walk Development.  Specifically, Paragraph 66 of the Counterclaim states:

---

[3] For the purposes of this Motion, Defendants' allegations—which are disputed—will be presumed as true pursuant to *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Accordingly, Acier requests a declaration from this Court that:

(i)    Acier and Kramer *are co-venturers* with respect to the Jersey Walk Development pursuant to both the parties' agreement and course of conduct;

(ii)   Acier therefore has *an ownership interest* in the Property/Jersey Walk Development; and

(iii)  Acier and Kramer shall *share in the profits and losses of the Property/Jersey Walk Development consistent with their January 11, 2018 agreement*.[4]

**B.   Documents Incorporated by Reference in the First Counterclaim that Refute It**

However, in connection with the TBG Loan, Acier executed and delivered to that lender the Certification swearing to the authenticity of certain documents annexed thereto including, *inter alia*, "Exhibit F," which was "a true, complete and correct copy of" the CMT AOA, dated March 2018, which plainly and repeatedly states that David Kramer is CMT's sole member:

**LIMITED LIABILITY COMPANY CERTIFICATE**

CMT DEVELOPERS LLC (the "Borrower") and ACIER HOLDINGS LLC (the "Guarantor"), each a New Jersey limited liability company hereby certify to TBG Funding LLC (the "Lender") in connection with the loan of **FIFTEEN MILLION FIVE HUNDRED THOUSAND AND 00/100 ($15,500,000.00) DOLLARS** being made this day by Lender to the Borrower (the "Loan"), as follows:

\*       \*       \*

6.     Annexed hereto as Exhibit "F" is a true, complete and correct copy of the Amended and Restated Operating Agreement of Borrower (the "Operating Agreement"). As of the date hereof, there have been no amendments to such Operating Agreement.

\*       \*       \*

---

[4] Unless otherwise indicated, emphasis is deemed added throughout this memorandum of law.

**IN WITNESS WHEREOF**, the undersigned have executed this certificate as of this 28ᵗʰ day of March, 2018.

CMT DEVELOPERS LLC

By: _____
    Name:  David Kramer
    Title:   Manager

ACIER HOLDINGS LLC

By: _____
    Name:  Dov Zabrowsky
    Title:   Managing Member

*See* Kramer Dec. ¶ 8 & **Ex. C** (pp. 1, 16, 21 therein).

The document annexed to that Certification as Exhibit F is the AOA, which plainly and repeatedly states that CMT has one member—Kramer—is independently annexed to the Kramer Dec as **Ex. D** (pp. 1, 6):

**CMT DEVELOPERS LLC**
**AMENDED AND RESTATED OPERATING AGREEMENT**

This Amended and Restated Operating Agreement (the "**Agreement**") of CMT DEVELOPERS LLC (the "**Company**"), a New Jersey limited liability company is dated as of March _____, 2018 and is between the members listed on the attached **Schedule A**, (collectively the "**Members**").

\*      \*      \*

**ARTICLE II**
**MEMBERS/MANAGER**

1. <u>Members</u>. The Current Members of the Company and their Percentage Interest in the Company are listed on the attached **Exhibit A**.

\*      \*      \*

**EXHIBIT A**

| MEMBERS | PERCENTAGE INTEREST |
|---|---|
| David Kramer | 100% |
| **TOTAL** | **100%** |

Further, a mere paragraph above Acier's signature on that Certification, there is a statement that CMT has a "sole member:"

11.     Annexed ~~hereto as Exhibit "K"~~ is a true, complete and correct copy of the Written Consent of the sole member of Borrower (the "Consent"), which Consent has not been revoked, modified, ~~amended or rescinded~~ and is still in full force and effect.

*Id.* ¶ 10; **Ex. C** (p.2).

Thus, as detailed herein, documentary evidence referenced in the Counterclaim demonstrates that Defendants admitted that Kramer owns 100% of CMT after that alleged January 2018 Meeting and thus the First Counterclaim must be dismissed.

## ARGUMENT

## I

## THE FIRST COUNTERCLAIM MUST BE DISMISSED

The First Counterclaim seeking a declaration that Acier possesses an unspecified membership interest in CMT must be dismissed as it is squarely controverted by documentary evidence referenced to and incorporated into Defendants' Counterclaim.

It is well-settled that on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "[a] document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotation marks omitted); *see also Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss").

"As the Third Circuit has explained, where certain documents are incorporated by reference to the Complaint, "'the primary problem raised by looking to documents outside the complaint - lack of notice to the plaintiff is dissipated,' because the 'plaintiff has actual notice . . . and has relied upon these documents in framing the complaint.'" *In re Synchronoss Tech.*, No. 17-7173 (FLW) (LHG), 2019 US Dist. LEXIS 229476, at *25 (D.N.J. Nov. 26, 2019) ((*quoting In re Burlington Coat Factory*

*Sec. Litig.*, 114 F.3d at 1426) (quoting *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993)); *see also Pension Benefits Guar. Corp.*, 998 F.2d at 1196-97 ("When a complaint relies on a document ... the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute the evidence is greatly diminished."). Indeed, "[w]hat the rule seeks to prevent is the situation in which a plaintiff is able to maintain a claim…by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that" the plaintiff has no claim at all. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.

Where the text of a written instrument incorporated by reference in a pleading conflicts with an allegation in the pleading based thereon, the written instrument will control. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n. 8 (3d Cir. 1994); *see, e.g.*, *Mahmood v. Nat'l Bd. of Med. Examiners*, No. 212-1544, 2012 U.S. Dist. LEXIS 156477, at *6-10 (E.D. Pa. Oct. 31, 2012) (granting defendant's motion to dismiss because plaintiff's own exhibits contradicted her allegations); *Frank Krammes Timber Harvesting, Inc. v. Letourneau Enters., LLC*, No. 3:18-cv-01914, 2019 U.S. Dist. LEXIS 143795, at *13-16 (M.D. Pa. Aug. 22, 2019) (dismissing plaintiff's claim for declaratory judgment regarding the existence of an agreement because relevant contractual terms indicated that the agreement did not exist); *Baymont Franchise Sys. v. Bernstein Co., LLC*, No. 18-620-JMV-AME, 2021 U.S. Dist. LEXIS 130154, at *18-19. (D.N.J. July 13, 2021) (applying 12(b)(6) standard, the court denied defendants' leave to amend the counterclaim to assert their breach of contract claims because the claims were "directly contradicted by the Franchise Agreement" and were "belied by contract itself"); *Cessna v. REA Energy Coop., Inc.*, 258 F. Supp. 3d 566, 581 (W.D. Pa. 2017) (dismissing plaintiffs' claims in part because "the relevant provisions contradict Plaintiffs allegation that [REA's bylaws'] warranties and guarantees were violated."); *Rainforest Distrib. Corp. v. Vybes L.A. LLC*, No. 2:20-cv-00634 (BRM) (JSA), 2021 U.S. Dist. LEXIS 164663, at *21 (D.N.J. Aug. 31,

2021) (". . . Vybes cannot state a claim because the Supplier Agreement 'contradicts . . . [Vybes's] allegations of breach.'").

In *Perry v. Lee*, No. 19-17899 (FLW) (TJB), 2020 U.S. Dist. LEXIS 107631 (D.N.J. June 19, 2020), the Chief Judge of this Court dismissed plaintiff's claims regarding her alleged ownership interest in a company because that claim was contradicted by documentary evidence referenced in plaintiff's complaint.

Here, Acier's allegation that it possesses an interest in CMT based on the January 2018 Meeting is squarely belied by Acier's subsequent March 2018 signature on the Certification in connection with CMT's TBG Loan.  <u>In the Certification, Acier expressly represented that CMT's AOA, which is annexed thereto as Exhibit F and lists Kramer as the 100% owner of CMT, was "true, complete and correct."</u>  *See* Kramer Dec. **Ex. C** (pp. 1, 16, 21 therein); **Ex. D** (pp. 1, 6).  Indeed, the CMT AOA plainly, and repeatedly, states that CMT has one member—Kramer.  *Id.* **Ex. C** (pp. 1, 16, 21 therein); **Ex. D** (pp. 1, 6).[5]  Thus, Acier expressly certified to a lending institution that the CMT AOA that lists Kramer as a 100% member of CMT is "true, complete, and correct."

Further, a mere paragraph above Acier's signature on the Certification, Acier certified that Borrower (*i.e.* CMT) has a "sole member."  *Id.* **Ex. C**.  Defendants' allegation that Acier possessed an ownership interest in CMT *after* the January 2018 meeting is thus further refuted by documentary evidence expressly referenced in the Counterclaim.

In light of all of the foregoing, Defendants' allegations cannot stand when juxtaposed to the text of, and attachments to, the Certification, and Defendants' First Counterclaim must be dismissed.

---

[5] The CMT AOA also references the transfer of ownership interest in CMT from Zelcer to Kramer. Kramer Dec. **Ex. D**. p. 1.

## **<u>CONCLUSION</u>**

For the reasons set forth herein, Plaintiffs' Motion must be granted in full, and Defendants'

First Counterclaim dismissed with prejudice.

Dated: New York, New York
      October 27, 2021

Aaron J. Solomon, Esq.
OVED & OVED LLP
*Attorneys for Plaintiffs*
401 Greenwich Street
New York, NY 10013
Tel.: 212.226.2376
