**MORRISON COHEN LLP**
Y. David Scharf
Christopher Milito (pro hac vice forthcoming)
Collin A. Rose (pro hac vice forthcoming)
909 Third Avenue
New York, New York 10022
212-735-8600

*Attorneys for Defendants Acier Holdings LLC,*
*Knight Construction, LLC, Dov Zabrowsky, Moshe*
*Glatzer and Jacob Glatzer*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CMT DEVELOPERS LLC, and DAVID KRAMER,<br><br>    Plaintiffs,<br><br>    -against-<br><br>ACIER HOLDINGS, LLC, KNIGHT CONSTRUCTION, LLC, DOV ZABROWSKY, MOSHE GLATZER, and JACOB GLATZER,<br><br>    Defendants. | Case No.: 3:21-cv-12517 |

**MEMORANDUM OF LAW IN OPPOSITION TO THE**
**<u>MOTION TO DISMISS DEFENDANTS' FIRST COUNTERCLAIM</u>**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL & PROCEDURAL HISTORY ........................................................................... 3

    A. THE JERSEY WALK DEVELOPMENT AND ITS DISPUTED OWNERSHIP ............. 3

    B. PLAINTIFFS' FILE COMPLAINT AGAINST DEFENDANTS ..................................... 4

    C. DEFENDANTS ANSWER AND COUNTERCLAIM AGAINST PLAINTIFFS ............ 4

    D. PLAINTIFFS MOVE TO DISMISS DEFENDANTS' FIRST COUNTERCLAIM ......... 5

STANDARD OF REVIEW .................................................................................................. 6

ARGUMENT ........................................................................................................................ 6

    I. PLAINTIFFS' DOCUMENTARY EVIDENCE, SUBMITTED IN SUPPORT OF THEIR MOTION, FAILS TO CONTROVERT DEFENDANTS' FIRST COUNTERCLAIM IN WHOLE OR IN PART ................................................................. 6

CONCLUSION ................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

### Federal Cases

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................6

*Covington v. International Ass'n of Approved Basketball Officials*,
    710 F.3d 114 (3d Cir. 2013)......................................................................................6

*D'Aiuto v. City of Jersey City*,
    No. 06-6222 (JAG), 2007 U.S. Dist. LEXIS 57646 (D.N.J. Aug. 8, 2007) ............11

*In re Honeywell Int'l ERISA Litig.*,
    No. 03-1214 (DRD), 2004 U.S. Dist. LEXIS 21585 (D.N.J. Sept. 14, 2004).........7

*Perry v. Lee*,
    No. 19-17899 (FLW) (TJB), 2020 U.S. Dist. LEXIS 107631 (D.N.J. June 19, 2020) .............7

*Phillips v. County of Allegheny*,
    515 F.3d 224 (3d Cir. 2008)......................................................................................6

*Pinker v. Roche Holdings, Ltd.*,
    292 F.3d 361 (3d Cir. 2002)......................................................................................6

*Summit Transp. Corp. v. Hess Energy Mktg.*,
    LLC, No. 14-5119, 2015 U.S. Dist. LEXIS 23921 (D.N.J. Feb. 27, 2015)............10

### State Cases

*Ditscher v. Booth*,
    13 N.J. Super. 568 (Ch. Div. 1951) .......................................................................11

*Gruber v. Rixford*,
    No. A-4744-04T2, 2007 N.J. Super. Unpub. LEXIS 2602 (App. Div. May 16, 2007)...........11

*Ruta v. Werner*,
    1 N.J. Super. 455 (Super. Ct. 1948).......................................................................11

*Wittner v. Metzger*,
    72 N.J. Super. 438 (App. Div. 1962) .....................................................................10

### Other Authorities

Federal Rules of Civil Procedure Rule 11(c)(3) ............................................................12

Federal Rules of Civil Procedure Rule 12(b)(6) ..............................................................6

Defendants/Counterclaimants Acier Holdings LLC ("Acier"), Knight Construction, LLC ("Knight"), Dov Zabrowsky, Moshe Glatzer, and Jacob Glatzer (collectively, the "Defendants") respectfully submit this memorandum of law in opposition to the motion to dismiss Defendants' First Counterclaim (the "Motion") filed by Plaintiffs CMT Developers LLC ("CMT") and David Kramer ("Kramer") (collectively, the "Plaintiffs") on October 27, 2021.

## PRELIMINARY STATEMENT

Plaintiffs' Motion fails because it misapprehends the nature of the counterclaim, which alleges a joint venture to develop the subject property. The titular ownership of CMT is not in dispute - instead the counterclaim alleges that CMT was an instrumentality of the joint venture. Consequently, the title ownership of CMT is irrelevant. By its own terms, Plaintiffs bring this Motion to bring to this Court's attention "documentary evidence" establishing that Plaintiff Kramer wholly-owns Plaintiff CMT. Reading Plaintiffs' Motion, they would have this Court understand that this documentary evidence—and Kramer's ownership of CMT—bars Defendants' first counterclaim. Unfortunately, this is either a misunderstanding or a deliberate misrepresentation of Defendants' requested relief.

Defendants' Answer with Counterclaims (the "Counterclaims") does not dispute that Kramer is the title owner of CMT, contrary to the suggestion of Plaintiffs' Motion. One only needs to read to Paragraph 17 of the Counterclaim to see that Defendants expressly allege that a member of Acier "sold CMT to Kramer for $11 million" (although no cash actually was exchanged). Nowhere else in the Counterclaims do Defendants dispute that Kramer is the title owner of CMT. Reading further, Defendants specifically explain how the sale of CMT to Kramer was a necessary step in the formation of the joint venture between Kramer and Acier. For example, in that same Paragraph 17, Defendants allege that this sale of CMT to Kramer was to "bring him into" the

1

agreed-upon joint venture between Kramer and Acier. This allegation, and those surrounding it, makes a crucial point: **CMT is not the joint venture alleged by Defendants**, it is only one entity meant to further the joint venture between Acier and Kramer concerning the "Jersey Walk Development," a development project located at 901-931 East Jersey Street, Elizabeth, NJ 07201 (the "Property"). In fact, Defendants' Counterclaims allege at length how Acier and Kramer have utilized a number of entities—including Acier, CMT, Knight, Jersey Walk E. Jersey Urban Renewal LLC, Jersey Walk Lafayette Urban Renewal LLC, and Jersey Walk Garage Urban Renewal LLC—to further the larger Jersey Walk Development joint venture.

Plaintiffs' Motion is further undercut by the fact that the actual relief requested by Defendants makes no reference to CMT whatsoever. To the contrary, Defendants' requested declaration specifically requests that this Court declare, *inter alia*, that "(i) Acier and Kramer are co-venturers with respect to the **Jersey Walk Development** . . . [and] (ii) Acier therefore has an ownership interest in the **Jersey Walk Development**" (emphasis added), that is, the Property. This is important because the Jersey Walk Development is alleged by Defendants to be the object of the joint venture that was furthered by CMT, not a joint venture encompassed by CMT. Plainly then, Plaintiffs mislead this Court when they argue that Kramer's ownership of CMT bars, or even affects, Defendants' first counterclaim.

Given the above, Plaintiffs' Motion fails to meaningfully address Defendants' first counterclaim whatsoever. Instead, Plaintiffs' Motion only attacks a strawman they have created in an attempt to mislead this Court as to Defendants' requested relief. For all of these reasons, as well as all the reasons explained below, this Court should deny Plaintiffs' Motion.

# FACTUAL & PROCEDURAL HISTORY

A.    THE JERSEY WALK DEVELOPMENT AND ITS DISPUTED OWNERSHIP

This action arises out of a development project located at 901-931 East Jersey Street, Elizabeth, New Jersey 07201 (the "Property"). As alleged in both Plaintiffs' Complaint and Defendants' Counterclaims, the Property was purchased by CMT (which itself was then-owned by an Acier member) to be developed into a complex that would include hundreds of apartment units, retail space and a parking garage (the "Jersey Walk Development").[1] (Compl. ¶ 14; Countercl. ¶¶ 12, 16.) In this litigation, however, both Plaintiffs and Defendants dispute the true owner(s) of the Jersey Walk Development and bring claims related to each parties' respective involvements in the project. (Compl. at 7; Countercl. at 26.)

For example, in the Counterclaims (the subject of this Motion), Defendants specifically allege, among other things, that: (i) the Jersey Walk Development is the subject of a joint venture between Acier and Kramer, (ii) this joint venture predates Kramer's ownership of CMT, (iii) CMT was sold to Kramer in 2016 - with no cash exchanged - to bring him into the joint venture, (iv) since the formation of this joint venture, Acier (and its affiliate, Knight) have contributed to the joint venture by assisting with the financing, construction, and development of the Jersey Walk Development, and (v) since April 2021, Kramer has begun wrongfully representing to third parties that he solely owns the Jersey Walk Development and that Defendants have no stake in the development. (Countercl. ¶¶ 12-17, 19-45, 58-66.) This disputed ownership is the crux of the litigation between the parties.

---

[1] Throughout this memorandum, Defendants will cite to Plaintiffs' Complaint (Dkt. No. 1) as "Compl." and will cite to Defendants' Counterclaims (Dkt. No. 16) as "Countercl."

### B.   PLAINTIFFS' FILE COMPLAINT AGAINST DEFENDANTS

This litigation was instituted on June 14, 2021, when Plaintiffs filed their Complaint against Defendants. (Dkt No. 1). In their Complaint, Plaintiffs assert several claims against Defendants, including: (1) a declaratory judgment action seeking a declaration that "Defendants do not possess any ownership interest in CMT and/or the Development Project," (2) unjust enrichment, and (3) conversion. (*Id.*) As relief, Plaintiffs not only seek the declaration and damages for their second and third claims, but also punitive damages and an injunction. (Compl. at 7) The gravamen of Plaintiffs' Complaint is that Defendants have misrepresented that they have an "ownership interest in CMT and/or the Development Project." (*Id.* ¶ 23.)

### C.   DEFENDANTS ANSWER AND COUNTERCLAIM AGAINST PLAINTIFFS

Though Plaintiffs instituted this action in June, Defendants were not served with process until September 2021. Thereafter, on October 6, 2021, Defendants filed their Answer with Counterclaims in response to Plaintiffs' Complaint. (Dkt No. 16.) In their Counterclaims, Defendants asserted a number of counterclaims against Plaintiffs. The first and primary counterclaim is a declaratory judgment action seeking a declaration that:

> "(i) Acier and Kramer are co-venturers with respect to the Jersey Walk Development pursuant to both the parties' agreement and course of conduct; (ii) Acier therefore has an ownership interest in the Jersey Walk Development; and (iii) Acier and Kramer shall share in the profits and losses of the Jersey Walk Development consistent with their January 11, 2018 agreement, as well as the imposition of a constructive trust with respect to the Property and the Jersey Walk Development.

(Countercl. at 26.) By its terms, this first counterclaim also seeks the imposition of a constructive trust as a remedy for Defendants' actions and the justiciable conflict between the parties. (*Id.*) Defendants' remaining counterclaims are brought in the alternative to this first counterclaim and seek to vindicate Acier and Knight's rights (both contractual and non-contractual) in the event that

this Court were to find that Acier and Kramer are not joint venturers with respect to the Jersey Walk Development. (*Id.*)

D.  **PLAINTIFFS MOVE TO DISMISS DEFENDANTS' FIRST COUNTERCLAIM**

Plaintiffs have now moved to dismiss Defendants' first counterclaim. (Dkt. Nos. 18-21.) The basis of Plaintiffs' Motion is not any challenge to whether Defendants have adequately alleged the elements of their first counterclaim. Instead, the sole basis for Defendants' Motion is that documents incorporated into Defendants' Counterclaims demonstrate that, in Plaintiffs words "Defendants' allegation that Acier possessed an ownership interest in CMT *after* the January 2018 meeting is thus further refuted by documentary evidence expressly referenced in the Counterclaim[s]."[2]  (Pl. Mem. 7.)  Specifically, Plaintiffs submit for this Court's consideration, among other things, (i) a Limited Liability Certificate, dated March 28, 2018 (the "LLC Certificate") (Kramer Dec., Ex. C), and (ii) an undated Amended and Restated Operating Agreement for CMT (the "Operating Agreement") (which was annexed to the LLC Certificate), stating that Kramer is the sole owner of CMT. (Kramer Dec., Ex. D.)  On the basis of this documentary evidence, Plaintiffs submit to this Court that Defendants' first counterclaim must be dismissed because Defendants cannot maintain that they have any interest in CMT. In their Motion, Plaintiffs are unable to cite to any unedited allegation by Defendants demonstrating that Defendants have asserted an interest in CMT, as opposed to the larger Jersey Walk Development.

---

[2]  Throughout this memorandum, Defendants' will cite to Plaintiffs' memorandum of law in support of their Motion (Dkt. No. 20) as "Pl. Mem."

**STANDARD OF REVIEW**

Because Plaintiffs have made their Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs invite this Court to conclude that Defendants' first counterclaim should be dismissed for "failure to state a claim upon which relief can be granted." In evaluating Rule 12(b)(6) motions, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Under this standard, a plaintiff or counterclaimant's allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nevertheless, this pleading standard "is not akin to a probability requirement; to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief." *Covington v. International Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (citations and quotations omitted).

**ARGUMENT**

I.  **PLAINTIFFS' DOCUMENTARY EVIDENCE, SUBMITTED IN SUPPORT OF THEIR MOTION, FAILS TO CONTROVERT DEFENDANTS' FIRST COUNTERCLAIM IN WHOLE OR IN PART**

Plaintiffs' Motion sets out to prove to this Court that CMT is wholly-owned by Kramer. In support, Plaintiffs provide documents showing that (1) that Acier signed the LLC Certificate, and (2) the LLC Certificate annexed an undated Operating Agreement for CMT designating Kramer as the sole member of CMT. (Kramer Dec., Exs. C, D.) On this basis, Plaintiffs claim that Defendants' first counterclaim must be dismissed because this documentary evidence

6

controverts Defendants' claim that "Acier possesses an unspecified **membership interest in CMT**" (emphasis added). (Pl. Mem. 5-7.)

Plaintiffs' Motion, however, entirely misreads Defendants' first counterclaim.[3] Nowhere in Defendants' Answer do Defendants maintain that they have any specified or unspecified interest in CMT. In fact, Defendants' Counterclaims repeatedly recognize that CMT is wholly-owned on paper by Kramer and/or that Kramer acts via, or by way of, CMT. (Countercl. ¶¶ 5, 17, 30, 40, 65.) Most notably, in Paragraph 17 of the Counterclaims, Defendants themselves allege that a former member of Acier "sold CMT to Kramer for $11 million to bring him into the joint venture." Thus, Defendants obviously recognize that CMT is, in fact, owned by Kramer. Accordingly, contrary to the animating purpose of Plaintiffs' Motion, Defendants do not allege or maintain in their Counterclaims that Acier (or any of the Defendants) own a membership interest in, or are members of, CMT. Plaintiffs' Motion is nothing more than an attack on a strawman of their own creation.[4]

---

[3] Because Defendants' Counterclaims expressly allege that CMT is owned by Kramer (and was sold to him by a former member of Acier), Defendants have no objection to this Court considering the documentary evidence submitted by Plaintiffs. (Pl. Mem. 5-7.) As explained below, Defendants' first counterclaim seeks to vindicate Acier's claim that it was a co-venturer with Kramer in the Jersey Walk Development (as defined in the Counterclaims), not that it has any specific interest in CMT (an entity only used to further the alleged joint venture). Accordingly, Plaintiffs' submitted evidence is irrelevant to Defendants' first counterclaim and certainly does not necessitate its dismissal. *E.g. In re Honeywell Int'l ERISA Litig.*, No. 03-1214 (DRD), 2004 U.S. Dist. LEXIS 21585, at *6 (D.N.J. Sept. 14, 2004) (denying motion to dismiss in part and finding that certain of documentary evidence submitted by defendants, though considered by the Court, were not "documents on which Plaintiffs' claims are based").

[4] In their Motion, Plaintiffs cite to *Perry v. Lee*, No. 19-17899 (FLW) (TJB), 2020 U.S. Dist. LEXIS 107631 (D.N.J. June 19, 2020), for the proposition that this Court should dismiss Defendants' first counterclaim because of Plaintiffs' documentary evidence. Of course, that case shares nothing in common with this one. There, the documentary evidence presented by the defendants established that certain stock shares that plaintiff claimed ownership of had not vested at the time of a plaintiff's termination. *Id.* at *12-13. That is a starkly different factual situation

Unfortunately then, it appears that Plaintiffs only have brought their Motion to obfuscate and misrepresent Defendants' first counterclaim to this Court. The crux of Plaintiffs' misrepresentation is the false equivalency they draw in their Motion between CMT and the Jersey Walk Development. This false equivalency appears throughout Plaintiffs' papers. For example, in Plaintiffs' Factual and Procedural Background of their memorandum of law, Plaintiffs have inserted brackets to purportedly clarify to this Court that the "Jersey Walk Development" referred to by Defendants means "[i.e. CMT]." (Pl. Mem. 2.) In that same section, Plaintiffs describe Defendants' requested relief as seeking a "declaration that Acier owns a tellingly, unspecified 'ownership interest' in CMT, and thus in Jersey Walk Development."[5] (*Id.*) And finally, in Paragraph 5 of the Kramer Declaration, Plaintiffs again inserted brackets to suggest that the "Jersey Walk Development" referred to by Defendants means CMT. All of these descriptions of Defendants' First Counterclaim are false, misleading and controverted by Defendants' actual allegations.[6]

In fact, the Jersey Walk Development (as referred to and defined by Defendants) and CMT are not equivalent. To illustrate, Defendants do not define the "Jersey Walk Development" to only encompass CMT; instead, Defendants' Counterclaims define the Jersey Walk Development as referring to the planned development of apartment units, retail space and a parking garage at the

---

as compared to here, where Plaintiffs' documentary evidence only establishes that Defendants' express allegations were accurate.

[5] Plaintiffs fail to cite to a single allegation to establish that when Defendants refer to the Jersey Walk Development in their Counterclaims, this is meant to refer to, or is limited to, CMT.

[6] Plaintiffs' false equivalency and misrepresentations to this Court are particularly insidious given that even Plaintiffs' Complaint recognizes that CMT and the Jersey Walk Development are plausibly separate questions. In Plaintiffs' Complaint, after all, they request a declaration that "Defendants do not possess any ownership interest in CMT **and/or the Development Project**." (Compl. at 7 (emphasis added).) Were CMT and the Jersey Walk Development the same thing, as Plaintiffs' misrepresent to this Court in this Motion, such a clarification (i.e. "and/or the Development Project") in their Complaint never would have been necessary.

Property as a whole. (Countercl. ¶ 16.) Thus, Defendants' first counterclaim expressly alleges that Acier has an ownership stake in this project **as a whole** (not CMT) by virtue of an agreed-upon joint venture between Acier and Kramer. Indeed, Defendants' first counterclaim is not contingent upon Acier having any interest in CMT. To the contrary, Defendants' Counterclaims specifically address how CMT's sale to Kramer fits within the joint venture for the larger Jersey Walk Development.

To wit, Defendants expressly allege that a joint venture to develop the Property existed between Acier and Kramer after CMT purchased the Property but *prior to* Kramer's ownership of CMT. (Countercl. ¶¶ 12-18.) At the time the parties agreed to and formed the joint venture, CMT was still wholly-owned by a member of Acier. (*Id.* ¶ 12-14.) Upon the joint venture agreement, Acier and its principals agreed to sell CMT to Kramer via a paper transaction to cut Kramer into the agreed-upon joint venture by letting him be the sole member of the entity owning the Property.[7] (*Id.*) Thus, Defendants' Counterclaims cogently allege that the no-cash sale of CMT to Kramer **was not** a sale of Acier's co-venturer interest in the Jersey Walk Development or the Property, but was instead an act performed in reliance upon, and in furtherance of, the very joint venture agreement that Acier seeks to vindicate in its first counterclaim. As a result, the Jersey Walk Development joint venture must subsume CMT, and cannot be equivalent to it. Put differently, Defendants' Counterclaims clearly make out that CMT was only an entity to help carry out the Jersey Walk Development (along with Acier, Knight, Jersey Walk Garage Urban Renewal LLC), not the Jersey Walk Development itself, as Plaintiffs' Motion disingenuously insinuates.

---

[7] The Counterclaims describe, at length, how Acier (along with its wholly-owned affiliate Knight) then participated in the joint venture by not only assisting with the development and construction of the property, but also by sourcing financing for the project in general. (Countercl. ¶¶ 19-39).

9

It is for this reason that Defendants' First Counterclaim does not seek any declaration of Acier's interest in CMT (contrary to Plaintiffs' assertions).  Instead, Defendants' prayer for relief on its First Counterclaim requests a declaration that, among other things, "(i) Acier and Kramer are co-venturers with respect to the **Jersey Walk Development**; [and] (ii) Acier therefore has an ownership interest in the **Jersey Walk Development**."  (Countercl. at 26 (emphasis added).)  There is no reference to CMT in Defendants' prayer for relief and frankly, CMT and its title ownership by Kramer (which Defendants concede in the Counterclaims) is irrelevant to Defendants' requested relief (as illustrated above).  Plaintiffs are well-aware of this, but have nevertheless brought this Motion in an attempt to obfuscate Defendants' Counterclaims before this Court.

Finally, it is telling that Plaintiffs do not suggest, nor cite any case law suggesting, that a joint venture like the one alleged by Defendants must operate through a singular, incorporated entity like CMT.  There is good reason for this: New Jersey expressly recognizes that joint ventures may be oral agreements between separate individuals/entities and that motions to dismiss should not be dismissed where a plaintiff (or counterclaimant) adequately alleges: "(A) [a] contribution by the parties of money, property, effort, knowledge, skill or other asset to a common undertaking; (B) [a] joint property interest in the subject matter of the venture; (C) [a] right of mutual control or management of the enterprise; (D) [e]xpectation of profit, or the presence of 'adventure,' as it is sometimes called; (E) [a] right to participate in the profits; [and] (F) [m]ost usually, limitation of the objective to a single undertaking or Ad hoc enterprise." *Summit Transp. Corp. v. Hess Energy Mktg.*, LLC, No. 14-5119, 2015 U.S. Dist. LEXIS 23921, at *6 (D.N.J. Feb. 27, 2015) (quoting *Wittner v. Metzger*, 72 N.J. Super. 438, 444 (App. Div. 1962)) (denying motion to dismiss oral joint venture agreement where plaintiff alleged that the other co-venturer had attempted to wrest

10

control of joint venture). This rule remains true even where the object of the joint venture is the development of real estate. *See Ruta v. Werner*, 1 N.J. Super. 455, 460 (Super. Ct. 1948) (finding that plaintiff and defendant were co-venturers on basis of oral agreement for the development of real estate); *Ditscher v. Booth*, 13 N.J. Super. 568, 571-572 (Ch. Div. 1951) (finding oral agreement to jointly develop property enforceable between the purchaser of the property and their alleged co-venturer); *Gruber v. Rixford*, No. A-4744-04T2, 2007 N.J. Super. Unpub. LEXIS 2602, at *24 (App. Div. May 16, 2007) (reversing trial court's dismissal of complaint seeking to enforce oral agreement to invest in property). And here, Plaintiffs' Motion does not contest that Defendants have met all of the elements to adequately plead a joint venture between Acier and Kramer (which they have). As such, Plaintiffs cannot now contest this issue in their reply. *E.g. D'Aiuto v. City of Jersey City*, No. 06-6222 (JAG), 2007 U.S. Dist. LEXIS 57646, at *10 (D.N.J. Aug. 8, 2007) (barring party from putting forth new arguments raised in reply brief in support of motion to dismiss).

      Because Plaintiffs' Motion attacks a blatant misrepresentation of Defendants' Counterclaims and does not contest whether Defendants have adequately pled a joint venture relating to the Jersey Walk Development, this Court should deny Plaintiffs' Motion.

## **CONCLUSION**

For all of these reasons, this Court should deny Plaintiffs' Motion, and grant such further relief as the Court deems just and necessary, including, but not limited to, the consideration of sanctions pursuant to Rule 11(c)(3) of the Federal Rules of Civil Procedure.

Dated: New York, New York
       November 22, 2021

                            **MORRISON COHEN LLP**

                            Y. David Scharf
                            Christopher Milito (pro hac vice forthcoming)
                            Collin A. Rose (pro hac vice forthcoming)
                            909 Third Avenue
                            New York, New York 10022
                            212-735-8600