December 3, 2021

**VIA ECF**

The Honorable Zahid N. Quraishi
United States District Judge
District of New Jersey
402 East State Street
Trenton, NJ 08608

      Re: *CMT Developer LLC, et al. v. ACIER Holdings LLC, et al.*
         D.N.J. Docket No: 3:21-cv-12517

Dear Judge Quraishi:

  This law firm represents Plaintiffs CMT Developer LLC ("CMT LLC") and David Kramer ("Kramer") (collectively, "Plaintiffs") in connection with the above-referenced matter and writes, as directed by Chambers, in lieu of a more formal motion, for an order vacating the *lis pendens* Defendants only recently filed upon the property owned by CMT LLC (ECF Dkt. No. 22) (the "Improper Lis Pendens"). As detailed *infra*, despite the undisputed fact that this case does not concern title to real property, Defendants deliberately filed the Improper Lis Pendens knowing that, in addition to causing construction at the Property to grind to a halt resulting in the immediate laying-off all of construction personnel, it would also threaten CMT LLC's existing financing by causing its mortgage to be in default, accelerated, and begin accruing astronomically high default interest. Indeed, the timing of the Improper Lis Pendens speaks volumes as to its illegitimacy, as it was not originally filed with Defendants' answer and counterclaim on October 6, 2021, but rather, on November 17, 2021, a few short weeks after Plaintiffs' filed their motion to dismiss Defendants' declaratory judgment counterclaim (the "Motion to Dismiss"). Without immediate relief from this Court, Plaintiffs will be irreparably harmed.

**A. The Parties Both Seek a Declaration Concerning
   Defendants' Membership Interest in CMT**

  This case concerns whether Defendants possess an ownership interest in CMT LLC, which in turn owns real property located at 901-931 E. Jersey Street, Elizabeth, New Jersey 07201 (Block 7, Lot 312) (the "Property"), upon which Plaintiff, CMT LLC, is constructing an apartment complex called "Jersey Walk Development."

  Specifically, as detailed in the Complaint, despite Kramer being the undisputed 100% owner of CMT LLC pursuant to a January 29, 2016 transfer of membership interest, which Defendants readily concede was signed by Defendant Acier's former member, Mr. Zelcer, Defendants have continued to wrongfully hold themselves out as members of CMT LLC. Thus, Plaintiffs' Complaint seeks a declaratory judgment that Defendants have no ownership interest in CMT LLC.

Reciprocally, Defendants' first counterclaim seeks a declaration that Defendants are members of CMT and alleges, *inter alia*, that, "Acier is a joint venture partner with Kramer in CMT, the venture's nominee with respect to the Jersey Walk Development" and thus Defendants seek a declaratory judgment that "Acier and Kramer are co-venturers with respect to the Jersey Walk Development pursuant to both the parties' agreement and course of conduct" (the "Declaratory Judgment Counterclaim").[1]  ECF Dkt. No. 16 ¶¶ 15, 16, 27, 66.

### B. **Plaintiffs' Motion to Dismiss Defendants' Declaratory Judgment Counterclaim**

On or about October 27, 2021, Plaintiffs filed their Motion to Dismiss Defendants' Declaratory Judgment Counterclaim because, while Acier's Declaratory Judgment Counterclaim alleges that Defendants' present ownership interest in CMT LLC was established at a January 2018 meeting and then boasts that thereafter, "on March 28, 2018, Acier sourced and helped close a $15,500,000 loan to CMT from TBG Development" (the "TBG Loan"), Defendant's tellingly omit from their Declaratory Judgment Counterclaim that in connection with the closing of the TBG Loan in March 2018, Acier executed and delivered to that lender a certification (the "Certification") swearing, *inter alia*, that annexed thereto as exhibit F was "a true, complete and correct copy of" CMT LLC's amended and restated operating agreement (the "CMT AOA").  That CMT AOA clearly and repeatedly states that David Kramer is CMT LLC's sole member.  Indeed, the Certification also states, a mere paragraph above Acier's signature, that CMT LLC has a "sole member," *i.e.*, David Kramer.

### C. **Defendants' Wrongfully-Filed Improper Lis Pendens, Designed to Impede CMT's Development and Unlawfully Gain a Litigation Advantage, Must Be Discharged**

Despite the undisputed fact that this case centers around whether Defendants possess a membership interest in CMT LLC—not real property, on or about November 17, 2021—on the heels of Plaintiffs' filing its Motion to Dismiss, and a mere 5 days before Defendants filed their opposition thereto—Defendants suddenly sought fit to file the Improper Lis Pendens on the Property owned by Plaintiff, CMT LLC, an entity in which Defendants acknowledge they have no ownership interest.  ECF Dkt. No. 22.

As demonstrated below, this ploy is a thinly-veiled end-run around Defendants' fatally flawed Declaratory Judgment Counterclaim—designed to purposely and improperly cloud title to the Property wholly owned by CMT LLC in the hopes of extracting an unwarranted and undeserved settlement from CMT LLC.  Indeed, as a direct result of the Improper Lis Pendens, CMT LLC's lender has threatened to withhold vitally necessary funding for the continued construction of the Jersey Walk Development, and/or call its loan into default.

NJ Stat. § 2A:15-6. clearly states that a notice of pendency may only be filed in an action concerning title to *real property*:

> In every action, instituted in any court of this State. . .  or in the United States District Court for the District of New Jersey, the object of which is to enforce a lien

---

[1] Unless otherwise indicated, emphasis is deemed added throughout this letter motion.

<u>upon real estate or to affect the title to real estate or a lien or encumbrance thereon</u>, plaintiff or his attorney shall, after the filing of the complaint, file in the office of the county clerk . . . a written notice of the pendency of the action, which shall set forth the title and the general object thereof, with a description of the affected real estate.

Notably, this action does not seek to "enforce a lien upon real estate or to affect the title to real estate or a lien or encumbrance thereon." Rather, it seeks exclusively to determine whether Defendants own a membership interest in CMT LLC—the entity which owns the Property. Indeed, uniquely highlighting this fact is that regardless of the outcome of this litigation, the Property will continue to be owned by CMT LLC.

Moreover, and directly on point, is that it is well-settled that a membership interest in limited liability company, such as CMT LLC, *is personal property and not real estate*, even if that limited liability company owns real estate. *Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C. v. Stanziale*, 2011 Bankr. LEXIS 5131 (U.S.B.C. D.N.J. 2011), illustrates this principle:

> Pursuant to New Jersey's Limited Liability Company Act, N.J.S.A. 42:2B-1 *et seq*. ("LLC Act" or the "Act"), a limited liability company interest means "a member's share of the profits and losses of a[n] [LLC] and a member's right to receive distributions of the [LLC's] assets." N.J. Stat. Ann. § 42:2B-2. Under the Act, <u>such an interest constitutes *personal property* belonging to the member even though the member "has no interest in specific [LLC] property</u>." N.J. Stat. Ann. § 42:2B-43.

Accordingly, a *lis pendens* is improper if an action "involves the transfer of interests in entities that own real property, not transfer of interests in the real property itself." *Tarragon Corp. v. Northland Portfolio, L.P.*, 2010 Bankr. LEXIS 1710, at *10 (Bankr. D.N.J. June 9, 2010) (adopting *Mangione v. Jaffe*, 61 S.W.3d 591 (Tex. Ct. App. 2001), holding that "[t]he subject matter of these causes of action is the Sellers' interests in the joint venture, not the Mall. Therefore, [the lis pendens filer's] pleading for specific performance or damages affects the property only collaterally.").

In fact, this is also the rule in other jurisdictions such as New York, which has more abundant case law on the subject, and where courts routinely vacate notices of pendency in disputes concerning membership interests in limited liability companies and not real property:

> . . . plaintiff cannot have the advantage of a notice of pendency. . . . . <u>It is well settled that the property interests of a shareholder and the corporation are distinct</u>. "[The] corporation in respect of corporate property and rights is entirely distinct from the stockholders who are the ultimate or equitable owners of its assets . . . even complete ownership of capital stock does not operate to transfer the title to corporate property and . . . <u>ownership of capital stock is by no means identical with or equivalent to ownership of corporate property</u>." ( *Brock v Poor*, 216 NY 387, 401.) <u>To allow plaintiff here to have its notice of pendency would run counter to</u>

> the *Brock* rule and muddle an otherwise clear concept. Consequently, the notice must be canceled.

*5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 323 (1984); *see also Sealy v. Clifton, LLC*, 68 A.D.3d 846 (2d Dep't 2009) (vacating notice of pendency because "membership interest in the limited liability company is personal property," and "[a] member has no interest in specific property of the limited liability company") (citing Limited Liability Company Law § 601; *Yonaty v. Glauber*, 40 A.D.3d 1193, 1195 (3d Dep't 2007); *Liffiton v. DiBlasi*, 170 A.D.2d 994 (4th Dep't 1991); *General Prop. Corp. v. Diamond*, 29 A.D. 2d 173, 176 (1st Dep't 1968)); *Ostad v. Nehmadi*, 31 Misc. 3d 1211(A) (Sup. Ct. N.Y. County 2011) (explaining that "notices of pendency may not be used in actions where the relief sought is a declaration of ownership in a corporation, 'even where the sole corporate asset is real property . . . [and] notices of pendency were found invalid in actions involving a claimed interest in a partnership dealing in real property, as such interest was deemed to constitute a personality.'")) (citing *Schlesinger v. Schlesinger*, 2002 NY Slip Op. 50041(U) (Sup. Ct. N.Y. County 2002); *Walsh v. Rechler*, 151 A.D.2d 473 (2d Dep't 1989); *Johnson v. Johnson*, 111 A.D.2d 1005, 1006 (3d Dep't 1985); *Elias v. Serota*, 103 A.D.2d 410 (2d Dep't 1984); *Mattikow v. Sudarsky*, 248 N.Y. 404, 406-07 (1928); *Fairchild v. Fairchild*, 64 N.Y. 471 (1876)).

Here, as set forth above, both Plaintiffs' Complaint and Defendants' Declaratory Judgment Counterclaim ask this Court to determine whether Defendants own membership interests in CMT LLC. This is not a litigation concerning whether one party is obligated to sell or transfer real property to another, as in the typical scenario where a party seeks to encumber title by filing a notice of pendency. In fact, Defendants do not even allege that, were they to prevail in this action, title to the Property would change hands—and regardless of who the ultimate victor in this action turns out to be, the one thing that is certain is that CMT LLC will continue to own the Property. See, *Grabowski v S & E Constr. Co.*, 72 NJ Super 1, 4 (Super Ct. 1962) (vacating *lis pendens* because "[i]t is unequivocally clear that where a title, lien, or encumbrance on a specific piece of real estate is not involved, a ***lis pendens*** may not be filed." *citing Bayley v. Bayley*, 66 *N.J. Eq.* 84 (*Ch.* 1904).

Indeed, as admitted in multiple instances in Defendants' recently-filed opposition to Plaintiffs' Motion to Dismiss, Defendants themselves do not dispute who the owners of CMT LLC are:

- "The titular ownership of CMT is not in dispute;"

- "Defendants' Answer with Counterclaims (the "Counterclaims") does not dispute that Kramer is the title owner of CMT;"

- "Nowhere else in the Counterclaims do Defendants dispute that Kramer is the title owner of CMT."

ECF Dkt. No. 23 p. 1.

Barred by the facts and the law, Defendants attempt to evade the inevitable by now, suddenly and for the first time, contending in their opposition to Plaintiffs' Motion to Dismiss, that

Defendants are *not* seeking an ownership interest in CMT LLC or the Property, but rather a profit participation in the "venture" to develop the Property—and thus a constructive trust over the Property. This belated and desperate contention fails.

First, Defendants' new assertion is belied by their own Counterclaim, which states that "Acier is a joint venture partner with Kramer in CMT, the venture's nominee with respect to the Jersey Walk Development." ECF Dkt. No. 16 ¶ 51. Thus, while attempting to now claim they are not seeking a declaration that they have an interest in "CMT", their own Counterclaim clearly states otherwise.

Second, while, under certain limited and proscribed circumstances, a joint venture may be formed by oral agreement, as Defendants now contend in their opposition to Plaintiff's Motion to Dismiss, the same is not true when there exists, as here, a written agreement to the contrary. *See Summit Transp. Corp v. Hess Energy Mktg.*, 2019 U.S. Dist. LEXIS 16981 (D.N.J. Feb. 1, 2019) ("the alleged joint venture would contradict the express terms of the Transportation Agreement," where defendant was the sole owner of the property and written agreement did not reference a sharing of profits); *accord Citicorp Leasing, Inc. v. Kusher Family Ltd. P'ship*, 2006 U.S. Dist. LEXIS 50682, at *21 (S.D.N.Y. July 14, 2006) (no joint venture where "the express provisions of the finance leases at issue . . . are utterly inconsistent with a business enterprise in which Philips and Citicorp were sharing profits and losses").

The law is clear that a party cannot merely invoke and incant the magical words "joint venture" to salvage claims squarely controverted and contradicted by documentary evidence in order to allege a constructive trust, to improperly saddle a live construction site with a *lis pendens*—threatening its viability, the viability of its employees, and of a multi-million-dollar loan with its lender—to attempt to gain an unfair litigation advantage. This form of gamesmanship has been rejected by other courts, and should be by this one as well.

Finally, to the extent Defendants are now attempting to retroactively reformulate their request for this Court to declare they have a membership interest in CMT LLC into a request for an award of profits garnered from CMT LLC's Jersey Walk Development, this request would also mandate the immediate vacatur of the Improper Lis Pendens because a request for money damages cannot serve as the predicate for a lis pendens. *Pharmacia Corp. v Motor Carrier Servs. Corp.*, 2006 US Dist LEXIS 68974, at *7 (D.N.J Sep. 25, 2006, No. 04-3724 (GEB)) ("the courts of the state of New Jersey have unequivocally held that a *lis pendens* 'may not be filed in an action to recover a judgment for money or damages only.' *quoting Cole, Schotz, Bernstein, Meisel & Forman, P.A. v. Owens,* 292 N.J. Super. 453, 461, 679 A.2d 155 (N.J. Super. Ct. App. Div. 1996); *see also Grabowski,* 72 N.J. Super. 1, 6-7 (N.J. Super. Ct. Ch. Div. 1962) ("a subcontractor is not entitled to file a *lis pendens* for the purpose of realizing money damages."); *Garfield v. Elmwood Stores, Inc.,* 17 N.J. Super. 513, 516, 86 A.2d 308 (N.J. Super. Ct. Ch. Div. 1952) (court discharging notice of *lis pendens* because underlying action did not affect title to real estate).

Accordingly, Plaintiffs respectfully request that the Court immediately vacate the Improper Lis Pendens. We thank the Court for its time and attention to this matter.

Respectfully submitted,

Aaron J. Solomon