# Morrison Cohen LLP

Y. David Scharf
(212) 735-8604
dscharf@morrisoncohen.com

December 6, 2021

**BY E-FILING**

The Honorable Zahid N. Quraishi
United States District Court Judge for the District of New Jersey
Clarkson S. Fisher Building & United States Courthouse
402 East State Street
Courtroom 7W
Trenton, New Jersey 08608

>     Re:    ***CMT Developer LLC, et al. v. Acier Holdings LLC, et al.***
>            **Case No. 3:21-cv-12517**

Dear Judge Quraishi:

Our firm represents Defendants/Counterclaimants Acier Holdings LLC ("Acier"), Knight Construction, LLC ("Knight"), Dov Zabrowsky, Moshe Glatzer and Jacob Glatzer (collectively, "Defendants") in connection with the above-captioned litigation. We write in response to the letter electronically filed by counsel for Plaintiffs/Counterclaim Defendants CMT Developer LLC ("CMT") and David Kramer ("Kramer") (collectively, the "Plaintiffs"), dated December 3, 2021 (ECF Dkt. No. 26) (the "Letter"). Plaintiffs' Letter requests an order vacating the *lis pendens* (ECF Dkt. No. 22) filed in connection with the property located at 901-931 East Jersey Street, Elizabeth, NJ 07201 (the "Property"). Much like Plaintiffs' motion to dismiss Defendants' first counterclaim (the "Motion to Dismiss"), Plaintiffs' Letter motion should be denied because it is based on Plaintiffs' mischaracterizations of the relief sought by Defendants in their counterclaims. New Jersey law is clear that a claim that seeks to impress a constructive trust upon real property, such as Defendants' counterclaim, supports the filing of a *lis pendens*.

    A.    **Defendants' Counterclaims Concern Real Property**

The crux of Plaintiffs' Letter is simple, but false: Plaintiffs assert that Defendants' counterclaims do not concern title to real property and therefore, Defendants' *lis pendens* was improperly filed. To support this argument, Plaintiffs would have this Court believe, as in Plaintiffs' Motion to Dismiss, that Defendants' counterclaims only concern an interest in CMT, not the Property or the development on the Property. This is wholly incorrect.

As Defendants explained at length in their opposition to Plaintiffs' Motion to Dismiss (ECF Dkt. No. 23), Defendants' counterclaims do not assert an interest in the entity CMT. Defendants' counterclaims assert an interest in the Jersey Walk Development, which is defined in Defendants' counterclaims as including the Property and the apartment units, retail space, and a parking garage

to be built at the Property.  *E.g.* Countercl. ¶ 16.[1]  This was intentional by Defendants: as alleged in Defendants' counterclaims, CMT and its ownership of the Property, and Kramer's ownership of CMT, are aspects of the larger joint venture that was agreed to by and between Kramer and Acier concerning the Property and its development.  Countercl. ¶¶ 12-18.  Thus, Defendants pray for a declaration that "(i) Acier and Kramer are co-venturers with respect to the Jersey Walk Development pursuant to both the parties' agreement and course of conduct; [and] (ii) Acier therefore has an ownership interest in the Jersey Walk Development" (Countercl. p. 26).  Defendants' claimed interest **is in the Property and its development, not CMT.**  Plaintiffs cannot evade this fact by repeating their misbegotten theory that Defendants are actually claiming an interest in CMT.[2]

### B.     Defendants' Request For A Constructive Trust Justifies The *Lis Pendens*

As Defendants' counterclaims unquestionably concern the Property underlying the Jersey Walk Development, the real focus of this Court's inquiry should be whether Defendants' allegations and requested relief justify the filing of a *lis pendens*.  This is because "a motion to discharge a *lis pendens* may be granted only if the complaint fails to recite unequivocally a cause of action entitling plaintiff to the *lis pendens*." *Gabel v. Pines*, 1988 U.S. Dist. LEXIS 6398, *6 (D.N.J. June 15, 1988).

Here, Plaintiffs' Letter hardly addresses that Defendants' prayer for relief on its first counterclaim explicitly seeks "the imposition of a constructive trust with respect to the Property and the Jersey Walk Development."  (*Id.*)  This is an important oversight by Plaintiffs because New Jersey law is clear that a request for the imposition of a constructive trust upon real property justifies the filing of a *lis pendens*. *See Polk v. Schwartz*, 166 N.J. Super. 292, 298 (Super. Ct. 1979) ("There is no doubt that an action to impress a constructive trust on realty affects title to that property, so that a notice of lis pendens may be filed under a statute such as ours."); *Gabel*, 1988 U.S. Dist. LEXIS 6398 at *6 (upholding *lis pendens* where complaint, taken as true, sought the imposition of a constructive trust upon real property).  Accordingly, insofar as Defendants have claimed an interest in the Property and sought a constructive trust upon the Property, the requirements for the filing of a *lis pendens* have been met and Plaintiffs' Letter-motion must be denied.

Crucially, none of the law cited by Plaintiffs in their Letter addresses the constructive trust remedy requested by Defendants.  Instead, in addition to Plaintiffs' misplaced focus on law concerning a claimed interest in a LLC, Plaintiffs (i) challenge the joint venture alleged by

---

[1]     Defendants' Counterclaims, cited as "Countercl." are included in ECF Document Number 16.

[2]     In their Letter, Plaintiffs cite one singular allegation from Defendants' counterclaims which they claim demonstrate that Defendants are actually seeking an interest in CMT.  However, Plaintiffs misrepresent this allegation and its import; Defendants' reference to CMT as the parties' nominee in its Counterclaims referred to the fact that CMT was part and parcel of the larger joint venture by virtue of its holding of ownership of the Property.  The remainder of Defendants' counterclaims more than clarifies that Defendants are seeking an interest in the Jersey Walk Development, not CMT.

Defendants in general (as in their Motion to Dismiss), and (ii) assert that Defendants' claims are actually just for money damages. Both arguments also fail.

First, as explained by Defendants' opposition to Plaintiffs' Motion to Dismiss, Plaintiffs' argument that documentary evidence contravenes the joint venture alleged by Defendants is untrue. In fact, the documentary evidence provided by Plaintiffs only demonstrates that Kramer is the owner of CMT, a fact that is expressly alleged in Defendants' counterclaims. Countercl. ¶ 17. Thus, this documentary evidence relied upon by Plaintiffs does not in any way contravene Defendants' claims in the Property and the larger Jersey Walk Development. Plaintiffs cannot avoid this reality by invoking case law which is neither analogous to Defendants' allegations nor the documentary evidence relied upon by Plaintiffs (*i.e.* a Limited Liability Company Certificate, submitted to a third party).[3]

Second, Plaintiffs' attempts to label Defendants' claims as seeking an "award of profits garnered from CMT LLC's Jersey Walk Development" is again a mischaracterization that does not mandate the dismissal of the *lis pendens*. Indeed, while Defendants have alleged that a joint venture exists between Acier and Kramer with respect to the Property and its development (which includes the sharing of profits and losses between the parties), Defendants have very clearly prayed for a declaration that "Acier therefore has an ownership interest in the Jersey Walk Development." This is not a money damages claim and clearly goes to Defendants' actual ownership of the Property and its development. Altogether, no matter how many times Plaintiffs attempt to misrepresent the relief Defendants seek, Plaintiffs cannot evade the fact that Defendants seek to vindicate their ownership interest in the Property and its development.

**C.     Conclusion**

Because Defendants' counterclaims (i) seek a declaration of Acier's ownership in the Jersey Walk Development (which includes the Property), and (ii) request the imposition of a constructive trust with respect to the Property in light of Plaintiffs' attempts to claim sole ownership of the Property, Defendants' *lis pendens* should be upheld against Plaintiffs' letter-motion challenge.[4]

---

[3]     Plaintiffs rely upon case law in which a written agreement between parties precludes a separate oral joint venture by the parties. No such circumstances exist here, as neither Kramer nor Acier have alleged that a written agreement described and controlled their relationship with respect to the subject of the joint venture, the Jersey Walk Development. Instead, Plaintiffs have only produced the Assignment of Membership Interest, dated January 29, 2016 (ECF Dkt. No. 21-2), which was expressly alleged by Defendants to have been carried out to further and effectuate the agreed-to joint venture. Countercl. ¶¶ 16-17.

[4]     Plaintiffs maintain that their Letter was filed "as directed by Chambers, in lieu of a more formal motion." Nevertheless, Plaintiffs should have sought this order from this Court by motion, complete with a proposed order.

Respectfully submitted,

Y. David Scharf