Aaron J. Solomon, Esq.
OVED & OVED LLP
*Attorneys for Plaintiffs*
401 Greenwich Street
New York, NY 10013
Tel.: 212.226.2376

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------------X
CMT DEVELOPERS LLC AND DAVID KRAMER,

              *Plaintiffs/Counterclaim-Defendants,*

   -against-

ACIER HOLDINGS LLC, KNIGHT CONSTRUCTION,
LLC, DOV ZABROWSKY, MOSHE GLATZER, AND
JACOB GLATZER,

              *Defendants/Counterclaimants.*
----------------------------------------------------------------------X

Case No.: 3:21-cv-12517

Hon. Zahid N. Quraishi

**PLAINTIFFS' MEMORANDUM OF LAW
IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE
WHY STATE COURT IS NOT A MORE
<u>SUITABLE VENUE TO ADJUDICATE THIS DISPUTE</u>**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

RELEVANT FACTUAL BACKGROUND ..................................................................................1

ARGUMENT ........................................................................................................................3

    I.    THE PARTIES' DISPUTE OVER THE LIS PENDENS MUST BE LITIGATED HERE ...........3

    II.    THIS LAWSUIT MUST BE LITIGATED IN THIS DISTRICT.............................................4

        A.    This Action Is Within the Court's Original Jurisdiction, and No Abstention Doctrine Applies ......................................5

        B.    This Court Is a Proper and Convenient Forum ...........................................7

            i.    This Action Is Properly Venued in This Court ...............................8

            ii.    Forum Non Conveniens Does Not Warrant Transfer or Dismissal ..........................................................8

CONCLUSION....................................................................................................................13

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                 **Page(s)**

*Acra Turf Club, LLC v. Zanzuccki*,
    748 F.3d 127 (3rd Cir. 2014) ....................................................................................................7

*Atl. Marine Constr. Co. v. United States Dist. Court*,
    571 U.S. 49 (2013)......................................................................................................................8

*Bacon v. Liberty Mut. Ins. Co.*,
    575 F.3d 781 (8th Cir. 2009) ....................................................................................................12

*Baltimore Bank for Cooperatives v. Farmers Cheese Cooperative*,
    583 F.2d 104 (3rd Cir. 1978) ....................................................................................................7

*Bradgate Assocs. v. Fellows, Read & Assocs.*,
    999 F.2d 745 (3rd Cir. 1993) ....................................................................................................5

*Chez Sez III Corp. v. Union*,
    945 F.2d 628 (3rd Cir. 1991) ....................................................................................................7

*DeAngelo-Shuayto v. Organon USA, Inc.*,
    No. 07-2923 (SRC), 2007 U.S. Dist. LEXIS 92557
    (D.N.J. Dec. 12, 2007) ..............................................................................................................10

*Demenus v. Tinton 35, Inc.*,
    873 F.2d 50 (3rd Cir. 1989) ......................................................................................................4

*Digiorgio v. Szyperek*,
    No. 14-5324, 2015 U.S. Dist. LEXIS 129751
    (D.N.J. Sept. 28, 2015) ..............................................................................................................5

*Erie R.R. v. Tompkins*,
    304 US 64 (1938)......................................................................................................................10

*Fuller v. Insys Therapeutics, Inc.*,
    No. 2:17-CV-07877, 2018 U.S. Dist. LEXIS 18431
    (D.N.J. Jan. 19, 2018) ......................................................................................................10, 11

*Gabel v. Pines*,
    No. 88-1509 (CSF), 1988 U.S. Dist. LEXIS 6398
    (D.N.J. June 15, 1988) ..............................................................................................................5

*Grode v. Mutual Fire, Marine & Inland Ins. Co.*,
    8 F.3d 953 (3rd Cir. 1993) ....................................................................................................6, 7

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947) ........................................................................................................... 10

*Johnson v. Nextel Communs., Inc.*,
    No. 06-CV-5547 (DMC), 2007 U.S. Dist. LEXIS 70926
    (D.N.J. Sept. 21, 2007) ........................................................................................... 10, 11, 12

*Johnson v. Smithkline Beecham Corp.*,
    724 F.3d 337 (3rd Cir. 2013) ................................................................................................ 6

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3rd Cir. 1995) ............................................................................................. 8, 9

*Kirby v. Kwilecki*,
    No. 20-cv-01670, 2021 U.S. Dist. LEXIS 58717
    (D.N.J. Mar. 26, 2021) .......................................................................................................... 5

*Lincoln Benefit Life Co. v. AEI Life, LLC*,
    800 F.3d 99 (3rd Cir. 2015) .................................................................................................. 6

*LLB Realty, L.L.C. v. Core Labs, LP*,
    123 F. App'x 490 (3rd Cir. 2005) ........................................................................................ 4

*Lynch v. Hilton Worldwide, Inc.*,
    No. 11-1362, 2011 U.S. Dist. LEXIS 126003
    (D.N.J. Oct. 31, 2011) ................................................................................................ 8-9, 11

*Men of Steel Rebar Fabricators, LLC v. Collavino Corp.*,
    No. 16-8826, 2017 U.S. Dist. LEXIS 108242
    (D.N.J. June 19, 2017) ........................................................................................ 9, 10, 11-12

*Moravian Sch. Advisory Bd. v. Rawlins*,
    70 F.3d 270 (3rd Cir. 1995) ................................................................................................. 5

*Morris Indus. v. Trident Steel Corp.*,
    No. 10-3462 (PGS), 2010 U.S. Dist. LEXIS 132057
    (D.N.J. Dec. 14, 2010) ......................................................................................................... 9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ................................................................................................................. 5

*Mowrer v. Armour Pharmaceutical Co.*,
    No. 92-6905, 1993 U.S. Dist. LEXIS 10681
    (E.D. Pa. July 30, 1993) ....................................................................................................... 5

*N.J. Manuf. Ins. Co. v. Castlton Env. Contr., LLC*,
 No. 11-2123, 2011 U.S. Dist. LEXIS 132205
 (D.N.J. Nov. 16, 2011)......................................................................................................10

*Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*,
 571 F.3d 299 (3rd Cir. 2009) ...............................................................................................7

*New Orleans Public Service, Inc. v. Council of New Orleans*,
 491 U.S. 350 (1989)............................................................................................................7

*Park Inn Int'l L.L.C. v. Mody Enters.*,
 105 F. Supp. 2d 370 (D.N.J. 2000) ........................................................................... 9-10, 12

*Pharmacia Corp v. Motor Carrier Servs. Corp.*,
 No. 04-3724 (GEB), 2006 U.S. Dist. LEXIS 68974
 (D.N.J. Sept. 25, 2006) .......................................................................................................4

*Shah v. Hyatt Corp.*,
 425 F. App'x 121 (3rd Cir. 2011) .........................................................................................5

*Sprint Communs., Inc. v. Jacobs*,
 571 U.S. 69 (2013)..............................................................................................................5

*Tarragon Corp. v. Northland Portfolio, L.P.*,
 No. 09-01469 (DHS), 2010 Bankr. LEXIS 1710
 (Bankr. D.N.J. June 9, 2010) ..............................................................................................4

*University of Md. v. Peat Marwick Main & Co.*,
 923 F.2d 265 (3rd Cir. 1991) ...............................................................................................5

*Windt v. Qwest Communs. Int'l, Inc.*,
 544 F. Supp. 2d 409 (D.N.J. 2008) .....................................................................................9

*Zambelli Fireworks Mfg. Co. v. Wood*,
 592 F.3d 412 (3rd Cir. 2010) ...............................................................................................6

**Statutes & Other Sources**

28 U.S.C. § 1332................................................................................................................................5

28 U.S.C. § 1391................................................................................................................................8

N.J.S.A. 2A:15-6................................................................................................................................4

N.J.S.A. 2A:15-7................................................................................................................................3

N.J.S.A. 2A:15-10...............................................................................................................................3

Plaintiffs CMT Developers LLC ("CMT") and David Kramer ("Kramer") (collectively, "Plaintiffs") respectfully submit this memorandum of law in response to the Court's December 7, 2021 order to show cause as to "why State Court is not a more suitable venue to adjudicate this dispute than this Court" (the "OSC").

## PRELIMINARY STATEMENT

This Court is the most suitable venue for the parties' disputes because, as a matter of law, those disputes *cannot* be heard in state court. Specifically, as demonstrated in Point I, to the extent the OSC concerns the "dispute" regarding the validity of Defendants' lis pendens, that dispute must be litigated in this Court because New Jersey law requires a party challenging such a lis pendens to do so in the Court where the relevant lawsuit is pending.

This same is also true to the extent the OSC refers to the parties' dispute generally (*i.e.*, to this lawsuit as a whole). Indeed, as demonstrated in Point II: (A) it is well-settled that a federal court cannot decline to entertain any claim over which it has original jurisdiction unless one of the limited abstention doctrines apply, and here, the Court has diversity jurisdiction and none of the abstention doctrines are applicable; and (B) there is no basis to find that this Court is an improper or inconvenient venue because this District is where the Defendants reside, where the relevant events took place, and all of the relevant factors to the traditional forum non conveniens analysis support Plaintiffs' choice of forum.

## RELEVANT FACTUAL BACKGROUND

Plaintiff Kramer is a resident of the state of New York, and is the sole owner of Plaintiff CMT, a New Jersey limited liability company. Cmpl. ¶¶ 2-3. Defendants Acier Holdings LLC and Knight Construction LLC (collectively, the "LLC Defendants") are two New Jersey limited liability companies wholly-owned by the individual Defendants, Dov Zabrowsky, Moshe Glatzer,

and Jacob Glatzer (the "Individual Defendants"), each of whom are residents of the state of New Jersey. *Id.* ¶¶ 5-11; Answer ¶¶ 5-10.

On June 14, 2021, Plaintiffs commenced this action to address Defendants' ongoing damage to Plaintiffs' business operations and reputation caused by Defendants falsely claiming to third parties that Defendants were the owners of CMT, the entity that owns the real property at issue in this case (the "Property"), upon which CMT is constructing an apartment complex called the "Jersey Walk Development." Plaintiffs seek a declaratory judgment that Defendants have no ownership interest in CMT, and money damages of no less than two million dollars in causes of action for unjust enrichment, conversion, and trademark infringement and unfair competition. *See generally* Cmpl.

In response, Defendants tellingly did not move to dismiss this action on the grounds of lack of jurisdiction or forum non conveniens. Instead, on October 6, 2021, Defendants filed an answer generally denying the allegations in the Complaint, and asserting various counterclaims against Plaintiffs. In the first counterclaim, Defendants seek a declaration that Defendants *are* members of CMT, alleging, among other things, that, "Acier is a joint venture partner with Kramer in CMT, the venture's nominee with respect to the Jersey Walk Development" and thus Defendants seek a declaratory judgment that "Acier and Kramer are co-venturers with respect to the Jersey Walk Development pursuant to both the parties' agreement and course of conduct."[1] Counterclaims ¶¶ 15-16, 27, 66. Defendants' remaining allegations assert counterclaims in the alternative for money damages based on breach of contract or quantum meruit. *See generally id.* ¶¶70-94. Notably, Defendants did not file a notice of pendency when they filed their counterclaims.

---

[1] Unless indicated otherwise, emphasis throughout this memorandum is added.

On October 27, 2021, Plaintiffs moved to dismiss Defendants' first counterclaim based on documentary evidence demonstrating that, contrary to their allegations, none of the Defendants were owners of CMT, the entity that owns the Property. ECF Nos. 19-21. It was only after Plaintiffs filed that motion that Defendants suddenly, and for the first time, filed a lis pendens on the Property on November 17, 2021 (the "Lis Pendens"), as a transparent and tactical maneuver to grind construction at the property to a halt and threaten CMT's finances. ECF No. 22. Defendants opposed the motion to dismiss the next week, on November 22, 2021. ECF No. 23.

On December 3, 2021, Plaintiffs transmitted a letter motion to the Court to discharge the Lis Pendens on the grounds that Defendants' counterclaims do not concern title to real property, as required by New Jersey law. ECF No. 26. On December 6, 2021, Defendants' opposed that letter motion (ECF No. 27) and on December 7, 2021, this Court issued the OSC (ECF No. 28).

**ARGUMENT**

**I.**

**THE PARTIES' DISPUTE OVER THE LIS PENDENS MUST BE LITIGATED HERE**

State court is not a more "suitable venue" than this Court to adjudicate the parties' "dispute" over the Lis Pendens because no New Jersey state court has the authority to do so. Rather, this Court is the only suitable venue under New Jersey law.

Specifically, New Jersey law provides two mechanisms for a party to seek a discharge of a notice of pendency, both of which require that party to make its request <u>to the court in which the relevant lawsuit is pending</u>. *See* N.J.S.A. 2A:15-10 ("the court wherein the action is pending" can, for "good cause shown, by order direct the county clerk … to discharge the lis pendens of record"); N.J.S.A. 2A:15-7(b) (party may move the court where an action is pending to discharge a filer's lis pendens because there is not "a sufficient probability" that the filer will obtain a final judgment

in its favor); *see also* N.J.S.A. 2A:15-6 (authorizing notices of pendency for actions affecting title to real property, whether pending in state or federal court).

Given the foregoing, the only place wherein Plaintiffs may seek an order discharging the Lis Pendens is this Court and this lawsuit, which is expressly referenced in the Lis Pendens. Indeed, New Jersey federal courts routinely adjudicate the propriety of notices of pendency filed in connection with lawsuits pending before them. *See, e.g., Demenus v. Tinton 35, Inc.*, 873 F.2d 50, 52 (3rd Cir. 1989) (dismissing appeal from order to discharge lis pendens); *LLB Realty, L.L.C. v. Core Labs, LP*, 123 F. App'x 490, 491-93 (3rd Cir. 2005) (affirming order to discharge lis pendens and enjoining filer from filing any further lis pendens); *Tarragon Corp. v. Northland Portfolio, L.P.*, 2010 Bankr. LEXIS 1710, *5-6 (Bankr. D.N.J. June 9, 2010) (ordering discharge of lis pendens); *Pharmacia Corp v. Motor Carrier Servs. Corp.*, 2006 U.S. Dist. LEXIS 68974, *5-9 (D.N.J. Sept. 25, 2006) (ordering lis pendens to be discharged where plaintiff's lawsuit was not one that affects title to real estate); *Gabel v. Pines*, 1988 U.S. Dist. LEXIS 6398, *5 (D.N.J. June 15, 1988) (court's order to discharge lis pendens was improper only because, under the circumstances, it was premature to determine whether plaintiff's action affected title to real property). Accordingly, this Court is the most suitable venue for this reason alone.

## II.

### **THIS LAWSUIT MUST BE LITIGATED IN THIS DISTRICT**

This Court is also the most suitable venue for the parties' dispute as a whole (*i.e.,* this lawsuit), because (A) the Court has original jurisdiction over the claims in this case, and cannot decline to entertain such claims where, as here, none of the various abstention doctrines is applicable, and (B) there is no basis to find that this Court is an improper or inconvenient venue.

A. **This Action Is Within the Court's Original Jurisdiction, and No Abstention Doctrine Applies**

It is well settled that a district court cannot simply "decline to entertain a claim over which it has original jurisdiction," and thus cannot transfer such claims to state court unless one of the established abstention doctrines applies. *Shah v. Hyatt Corp.*, 425 F. App'x 121, 125 (3rd Cir. 2011).[2] Indeed, "a federal court's 'obligation' to hear and decide a case is 'virtually unflagging.'" *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (*quoting Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *University of Md. v. Peat Marwick Main & Co.*, 923 F.2d 265, 271 (3rd Cir. 1991) (a "district court has little or no discretion to abstain in a case that does not meet traditional abstention requirements"); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983) (the court's task "is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court," but whether there are "exceptional circumstances" and the "clearest of justifications" to warrant abstention).

This Court has original jurisdiction over the claims in this action because there is complete diversity between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000. 28

---

[2] In fact, courts in the Third Circuit have repeatedly recognized that there is no statutory mechanism permitting a district court to transfer a case to state court. *See, e.g., Moravian Sch. Advisory Bd. v. Rawlins*, 70 F.3d 270, 276 (3rd Cir. 1995) ("No federal statute authorizes transfer of cases from a federal to a state court."); *Bradgate Assocs. v. Fellows, Read & Assocs.*, 999 F.2d 745, 751 (3rd Cir. 1993) (same); *Kirby v. Kwilecki*, 2021 U.S. Dist. LEXIS 58717, *19-20 (D.N.J. Mar. 26, 2021) ("The Court does not have the power to remand this case to state court" because it "originated in federal court and has never been in the Superior Court of New Jersey"); *Digiorgio v. Szyperek*, 2015 U.S. Dist. LEXIS 129751, *3 (D.N.J. Sept. 28, 2015) (court could only dismiss lawsuit that was based on non-existent diversity jurisdiction, not transfer or remand it to state court); *Mowrer v. Armour Pharmaceutical Co.*, 1993 U.S. Dist. LEXIS 10681, *7 (E.D. Pa. July 30, 1993) (lawsuits "filed by a plaintiff in federal court cannot be removed" to state court, because while a district court may transfer the suit within the federal courts, "nothing in the United States Code gives it the power to transfer an action originally filed in the federal district court to a state court").

U.S.C. § 1332. Specifically, and as noted above, Kramer is a citizen of New York and the sole member of CMT, while the Individual Defendants are citizens of New Jersey and the sole members of the LLC Defendants. As such, Plaintiffs are all New York citizens while Defendants are all New Jersey citizens. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3rd Cir. 2010) ("the citizenship of an LLC is determined by the citizenship of each of its members"); *Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 348-49 (3rd Cir. 2013) (citizenship of a single-member LLC "is defined by that of its sole member"); *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107-09 (3rd Cir. 2015) (it is sufficient for purposes of subject matter jurisdiction to allege that a limited liability corporation does not share the plaintiff's state of citizenship).[3] As set forth in the Complaint, Plaintiffs' claims seek at least two million dollars in money damages. Cmpl. ¶¶ 32-46. Accordingly, because the Court has original jurisdiction over the claims in this case, it cannot decline to entertain them unless one of the various abstention doctrines applies.

The Third Circuit has recognized five abstention doctrines that can be raised in federal courts, however none is applicable here: (i) *Pullman* abstention, (ii) *Younger* abstention, (iii) *Colorado River* abstention, (iv) *Burford* abstention, and (v) *Thibodaux* abstention. *See Grode v. Mutual Fire, Marine & Inland Ins. Co.*, 8 F.3d 953, 956-58 (3rd Cir. 1993) (describing the various abstention doctrines) (citing *Railroad Commisioner v. Pullman Co.*, 312 U.S. 496 (1991); *Younger v. Harris*, 401 U.S. 37 (1971); *Colo. River Water Conservation Dist.*, 424 U.S. 800;

---

[3] Notably, Defendants did not challenge this Court's jurisdiction by moving to dismiss this action. Accordingly, to the extent Defendants attempt to challenge diversity for the first time in their response to this memorandum, Plaintiffs respectfully request that any decision be held in abeyance to allow the parties to conduct any necessary jurisdictional discovery. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d at 108 ("a plaintiff need not allege an airtight case before obtaining discovery" regarding jurisdiction).

*Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); and *Louisiana Power & Light Co. v. Thibodaux*, 360 U.S. 25 (1959)).

*Pullman* abstention does not apply because this case does not involve "difficult and unsettled questions of state law" that "must be resolved before a substantial federal constitutional question." *Grode*, 8 F.3d at 955; *see also Chez Sez III Corp. v. Union*, 945 F.2d 628, 631 (3rd Cir. 1991) (summarizing *Pullman* requirements abstention requirements). This case is merely a dispute between the owner of CMT and those claiming to be his partners. Cmpl. ¶¶ 23-46.

Similarly, neither *Younger* nor *Colorado River* abstention apply because there are no ongoing state court proceedings involving either (i) a criminal prosecution or other enforcement action against any of the parties, or (ii) related claims between the parties. *See Acra Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3rd Cir. 2014) (same for *Younger*); *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3rd Cir. 2009) (same for *Colorado River*).

*Burford* abstention is inapplicable because none of the parties is challenging a determination by an administrative agency. *New Orleans Public Service, Inc. v. Council of New Orleans*, 491 U.S. 350, 360 (1989) (same for *Burford*).

Finally, *Thibodaux* abstention does not apply here because this Court's determination of the issues in this case (a relatively straightforward dispute under contract law) will not infringe on any state "sovereign prerogatives." *Baltimore Bank for Cooperatives v. Farmers Cheese Cooperative*, 583 F.2d 104, 111 (3rd Cir. 1978) (same for *Thibodaux*).

Because none of these abstention doctrines apply, there is no basis for the parties to litigate in state court.

## B.  This Court Is a Proper and Convenient Forum

This Court is a proper and convenient forum for the parties' disputes because (i) this District is where the Defendants reside and where the relevant events took place, and (ii) all of the relevant factors to the traditional forum non conveniens analysis support Plaintiffs' choice of forum.

### i.  This Action Is Properly Venued in This Court

This action is not subject to dismissal under FRCP 12(b)(3) for improper venue.  A court may only dismiss an action for improper venue where it does not satisfy at least "one of the three categories set forth in [28 U.S.C.] § 1391(b)." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 56 (2013).  This action is properly venued in the District of New Jersey because it satisfies two such categories.  Specifically, this District is where (a) all of the Defendants reside and (b) a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b)(1), (2); Cmpl. ¶¶ 5-11, 14-27 (setting forth Defendants' residency, the New Jersey property at issue, and Defendants' misconduct conduct in and directed to New Jersey).[4]

### ii.  Forum Non Conveniens Does Not Warrant Transfer or Dismissal

There is also no basis to find that state court is a more convenient forum under the doctrine of forum non conveniens, as none of the factors relevant to that doctrine weigh in favor of transferring or dismissing this action.

In order to warrant relief under the doctrine of forum non conveniens, a defendant must demonstrate that another forum is significantly more convenient under a two-prong test.  The first,

---

[4] Moreover, Plaintiffs are not party to any relevant agreement containing a forum selection clause that would otherwise require them to litigate their claims in state court. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3rd Cir. 1995) ("while courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue").

threshold prong is whether an "adequate alternate" forum is available to adjudicate the plaintiff's claims. *Windt v. Qwest Communs. Int'l, Inc.*, 544 F. Supp. 2d 409, 415 (D.N.J. 2008); *Lynch v. Hilton Worldwide, Inc.*, 2011 U.S. Dist. LEXIS 126003 (D.N.J. Oct. 31, 2011) (a forum is "adequate" if (i) the defendant is amenable to process there, ***and*** (ii) the plaintiff can substantively address its claims in the forum).[5]  If so, then the defendant must demonstrate that various "private" and "public" convenience considerations weigh "heavily in favor" of the alternative forum. *Jumara*, 55 F.3d at 879-80.

The "private" factors include (i) the plaintiff's expressed venue preference, (ii) whether the claim arose in a particular forum, (iii) the relative convenience of each forum to the parties, and (iv) the relative convenience of each forum to potential witnesses, to the extent they might not be able to appear in one of the fora. *Id.*  The "public" factors include (i) the enforceability of any judgment that may be obtained, (ii) whether trial will be easier, more expeditious, or less expensive in one forum, (iii) the administrative difficulty in the two fora resulting from each court's relative levels of congestion, (iv) the local interest in deciding local controversies at home, and (v) in diversity cases, the familiarity of the trial judge with the applicable state law. *Id.* at 879-80.

Here, none of these balancing factors favor litigating in state court rather than this Court. To the contrary, the private factors weigh heavily in favor of Plaintiffs' choice of this Court.

---

[5]  This Court has repeatedly questioned whether a state court can ever be a proper, adequate forum under common law forum non conveniens, which primarily involves transfers to courts overseas. *See Men of Steel Rebar Fabricators, LLC v. Collavino Corp.*, 2017 U.S. Dist. LEXIS 108242, *7 (D.N.J. June 19, 2017) (expressing doubt as to whether state courts are ever a proper forum under the doctrine of forum non conveniens, and noting that "cases even considering forum non conveniens arguments in such circumstances are few and far between"); *Morris Indus. v. Trident Steel Corp.*, 2010 U.S. Dist. LEXIS 132057, *14 (D.N.J. Dec. 14, 2010) ("it is unclear whether this Court may utilize this doctrine in light of the fact that the alternate forum is a state court"). For purposes of the OSC, Plaintiffs do not dispute that New Jersey state court would be an adequate forum for the lawsuit as a whole.  But as noted above, Plaintiffs have no ability to independently litigate the Lis Pendens in state court.

Indeed, "the Third Circuit has repeatedly held that a plaintiff's choice of forum is a 'paramount concern'" to the analysis. *Johnson v. Nextel Communs., Inc.*, 2007 U.S. Dist. LEXIS 70926, *11 (D.N.J. Sept. 21, 2007); *Park Inn Int'l L.L.C. v. Mody Enters.*, 105 F. Supp. 2d 370, 377 (D.N.J. 2000) (plaintiff's choice must be "given great weight").  That choice "should not be disturbed" unless the balance of all factors "is strongly tipped in favor of the defendant." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947); *Men of Steel Rebar Fabricators, LLC v. Collavino Corp.*, 2017 U.S. Dist. LEXIS 108242, *8 (D.N.J. June 19, 2017).  It is not enough for a defendant to simply insist that the plaintiff's choice of court is not the most convenient forum possible.  *Fuller v. Insys Therapeutics, Inc.*, 2018 U.S. Dist. LEXIS 18431, n. 39 (D.N.J. Jan. 19, 2018) ("Maximum convenience is not the standard"); *N.J. Manuf. Ins. Co. v. Castlton Env. Contr., LLC*, 2011 U.S. Dist. LEXIS 132205 (D.N.J. Nov. 16, 2011) (same).  Rather, a defendant must prove that "the plaintiff's choice of forum is 'vexatious and oppressive'" to the extent that it is "'out of all proportion' to the plaintiff's convenience." *Lynch*, 2011 U.S. Dist. LEXIS 126003, *10 (*quoting Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)); *Id.* at *10 (dismissal is not appropriate where the balance of the private factors as at equipoise or tipped toward dismissal.").

Here, Plaintiffs' choice of federal court as the relevant forum is particularly critical because Defendants' counterclaims make clear that they intend to take advantage of Plaintiffs' status as non-residents of New Jersey.  Tellingly, the **very first paragraph** of Defendants' counterclaims makes the prejudicial allegation that "**Kramer has become grotesquely greedy – a caricature of the archetypical avaricious New York real estate developer**."  Counterclaims ¶ 1.  Avoiding this home-state bias is the primary reason diversity jurisdiction exists.  *Erie R.R. v. Tompkins*, 304 US 64, 74 (1938) (diversity is designed "to prevent apprehended discrimination in state courts against those not citizens of the State"); *DeAngelo-Shuayto v. Organon USA, Inc.*, 2007 U.S. Dist. LEXIS

92557, *6 (D.N.J. Dec. 12, 2007) (diversity jurisdiction helps "avoid possible prejudice to an out-of-state" party).

Further, there is also no basis to claim that state court would be more "convenient" than this Court to either the parties or any potential witnesses in this matter, as both forums would be local to all parties and witnesses. *See Johnson*, 2007 U.S. Dist. LEXIS 70926, *13 ("The convenience of the parties and witnesses and the access to proof will not be significantly impacted regardless of whether this matter is litigated in Newark, White Plains or Manhattan."); *Fuller*, 2018 U.S. Dist. LEXIS 18431, at *7-8 (denying forum non conveniens motion where there was no demonstration that "this forum, in Newark, new Jersey, is any more inconvenient" than the proposed forum of "New Brunswick, New Jersey").[6] In any event, there is certainly no basis to claim that Plaintiffs' choice of this Court as a forum was somehow "oppressive" or "vexatious" to Defendants. *Lynch*, 2011 U.S. Dist. LEXIS 126003, *10.

Similarly, none of the public factors weigh in favor of litigating in state court, much less so heavily as to warrant ignoring Plaintiffs' choice of forum. Indeed, most, if not all, of these factors are completely neutral: (i) the enforceability of any judgment is of no concern because any judgment would be obtained and enforced in New Jersey, (ii) New Jersey's state and federal courts share the same interest in enforcing New Jersey law and in deciding local controversies, (iii) both

---

[6] To the extent the Court is only concerned with the forum for adjudicating the Lis Pendens, state court would be significantly *less* convenient to the parties. As noted above, the parties cannot adjudicate that dispute in state court while this lawsuit is pending here. Even if they could, it would be incredibly inefficient and inconvenient to do so, as the Lis Pendens is intrinsically connected to the claims being adjudicated here. Commencing an entirely separate lawsuit solely to address the propriety of the Lis Pendens would needlessly multiply litigation and require the state court to independently examine the claims that are already being litigated and resolved here. Moreover, it would greatly increase the time necessary to have a judge decide whether the Lis Pendens should be removed—and its presence is, as Defendants intended, damaging Plaintiffs on a daily basis.

courts are fully capable of providing for an expedient trial without any significant difference in expense, and (iv) this Court is fully familiar with New Jersey state law. *See Men of Steel Rebar Fabricators, LLC*, 2017 U.S. Dist. LEXIS 108242, *8 (denying motion because "the bulk of the private interest factors and all of the public interest factors are 'neutral' and provide no reason to prefer the state court over this one"); *Bacon v. Liberty Mut. Ins. Co.*, 575 F.3d 781, 785 (8th Cir. 2009) ("This is simply not one of those 'rare instances' in which a state court is so much more suitable than a federal forum that the harsh measure of dismissal because of forum non conveniens is appropriate.").

The one factor that might not weigh equally is the relative congestion level of this Court compared to state court. However, this Court has held that differences in courts' levels of congestion "are insufficient to favor one forum" over another by themselves, because the answer to which court is more congested depends on the metrics that a court chooses to examine. *Johnson*, 2007 U.S. Dist. LEXIS 70926, *14; *see also Park Inn Int'l L.L.C.*, 105 F. Supp. 2d at 378 ("the relatively more crowded docket in this Court does not add substantially to the defendants' argument" because "the calendar of this Court is not so overburdened that the parties are denied a reasonably prompt day in Court").

Given the foregoing, the second prong of the forum non conveniens analysis weighs heavily against disturbing Plaintiffs' choice of forum.

## **CONCLUSION**

For the reasons set forth herein, the Court should find that this Court is the most suitable venue for the parties' dispute.

Dated: New York, New York
January 7, 2022

                                                    Aaron J. Solomon, Esq.
                                                    OVED & OVED LLP
                                                    *Attorneys for Plaintiffs*
                                                    401 Greenwich Street
                                                    New York, NY 10013
                                                    Tel.: 212.226.2376