**MORRISON COHEN LLP**
Y. David Scharf
Christopher Milito (pro hac vice forthcoming)
Collin A. Rose (pro hac vice forthcoming)
909 Third Avenue
New York, New York 10022
212-735-8600

*Attorneys for Defendants Acier Holdings LLC,*
*Knight Construction, LLC, Dov Zabrowsky, Moshe*
*Glatzer and Jacob Glatzer*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CMT DEVELOPERS LLC, and DAVID KRAMER, <br><br> Plaintiffs, <br><br> -against- <br><br> ACIER HOLDINGS, LLC, KNIGHT CONSTRUCTION, LLC, DOV ZABROWSKY, MOSHE GLATZER, and JACOB GLATZER, <br><br> Defendants. | Case No.: 3:21-cv-12517 |

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO**
**THE COURT'S ORDER TO SHOW CAUSE WHY STATE COURT**
**IS NOT A MORE SUITABLE VENUE TO ADJUDICATE THIS DISPUTE**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................................................ii

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 2

ARGUMENT .............................................................................................................................. 4

   I.   DEFENDANTS' LIS PENDENS SHOULD BE RULED
       UPON BY NEW JERSEY STATE COURT ...................................................... 4

CONCLUSION ........................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Page(s)**

### **STATE CASES**

*Polk v. Schwartz*,
    166 N.J. Super. 292 (Super. Ct. 1979) .......................................................................................5

### **STATUTES**

N.J. Stat. 2A:15-7(a) ......................................................................................................................4

N.J. Stat. 2A:15-7(b) ........................................................................................................1, 4, 5, 6

N.J. Stat. 2A:15-10 .........................................................................................................................5

Defendants/Counterclaimants Acier Holdings LLC ("Acier"), Knight Construction, LLC ("Knight"), Dov Zabrowsky, Moshe Glatzer, and Jacob Glatzer (collectively, the "Defendants") respectfully submit this memorandum of law in response to this Court's Order to Show Cause, dated December 7, 2021 (the "Order to Show Cause" or "OTSC"), ordering Plaintiffs CMT Developers LLC ("CMT") and David Kramer ("Kramer") (collectively, the "Plaintiffs") to show cause as to why State Court is not a more suitable venue to adjudicate this dispute than this Court.

## PRELIMINARY STATEMENT

While Plaintiffs submit a number of reasons why this Court should rule upon the validity of Defendants' notice of *lis pendens* (the "*Lis Pendens*"), they fail to appropriately wrangle with the statutory language at play. Specifically, Plaintiffs' challenge to Defendants' *Lis Pendens* arises under N.J. Stat. 2A:15-7(b), which controls challenges to notices of *lis pendens* where the claims in question do not arise out of a written instrument. This section unquestionably controls because (i) Defendants' counterclaims against Plaintiffs all arise out of an oral joint venture between Plaintiff David Kramer and Defendant Acier Holdings LLC (*see* ECF Doc. No. 16), and (ii) Plaintiffs' challenge to the *Lis Pendens* is largely a challenge to whether or not, consistent with the language of the statute, Defendants have established a "probability that final judgment will be entered in favor of the [Defendants] sufficient to justify the filing or continuation of the notice of *lis pendens*." N.J. Stat. 2A:15-7(b). Because this section controls, Plaintiffs are bound by this section's other directive, which requires any party so challenging a *lis pendens* to do so "in accordance with the Rules Governing the Courts of the State of New Jersey." The effect of this language is clear: parties challenging *lis pendens* like Plaintiffs have done here should file or make their motion in New Jersey state court, not federal court. Accordingly, this Court should abstain

from ruling on Plaintiffs' letter-motion and compel Plaintiffs to challenge the *lis pendens* in state court.

## STATEMENT OF FACTS

On June 14, 2021, Plaintiffs filed their Complaint in this Court. ECF Doc. No. 1. According to the Complaint, Kramer is the sole member of CMT, a New Jersey limited liability company, and resides in New York. *Id.* ¶¶ 2-3. By contrast, as established by Defendants' Answer with Counterclaims, both Acier Holdings LLC and Knight Construction LLC are New Jersey limited liability companies, while all of the individual Defendants are New Jersey residents. ECF Doc. No. 16, Answer ¶¶ 5-9, Countercl. ¶¶ 8-9. In their Complaint, Plaintiffs brought four causes of action for declaratory judgment, unjust enrichment, conversion, and false advertising. ECF Doc. No. 1 ¶¶ 28-46. Plaintiffs' declaratory judgment action seeks a declaration that "Defendants do not possess any ownership interest in CMT and/or the Development Project." *Id.* at 7.

On October 6, 2021, following Plaintiffs' service of the Complaint, Defendants answered the Complaint and asserted their own counterclaims on behalf of Acier Holdings LLC and Knight Construction LLC. ECF Doc. No. 16. Defendants' Counterclaims pled significantly more allegations concerning the parties' relationship than Plaintiffs' barebones Complaint and included claims for declaratory judgment, breach of contract, and quantum meruit, with some of these claims pled in the alternative. *Id.* ¶¶ 57-94. The first declaratory judgment action brought by Defendants seeks a declaration that "(i) Acier and Kramer are co-venturers with respect to the Jersey Walk Development pursuant to both the parties' agreement and course of conduct; (ii) Acier therefore has an ownership interest in the Jersey Walk Development; and (iii) Acier and Kramer shall share in the profits and losses of the Jersey Walk Development consistent with their January

11, 2018 agreement, as well as the imposition of a constructive trust with respect to the Property and the Jersey Walk Development."

Despite Defendants' detailed Counterclaims, Plaintiffs nevertheless moved to dismiss Defendants' first declaratory judgment counterclaim (as described above) on October 27, 2021. ECF Doc. Nos. 19-21. In their motion to dismiss, Plaintiffs advanced a novel theory for dismissal: despite Defendants' first counterclaim (and prayer for relief thereon) clearly and explicitly requesting a declaration that Acier was a co-venturer with respect to the Jersey Walk Development as a whole (without any reference to CMT), Plaintiffs chose to continuously misrepresent Defendants' first counterclaim as only seeking an interest in Plaintiff CMT in an attempt to rely upon contradictory documentary evidence. *E.g.* ECF Doc. No. 20 at 1. In support of this theory of dismissal, Plaintiffs frivolously cited only one paragraph of Defendants' Counterclaims (¶ 66), all while ignoring all of the remainder of Defendants' Counterclaims, which clearly alleged an oral joint venture between Kramer and Acier Holdings LLC that included within it the Jersey Walk Development property owned by CMT. Defendants replied as such in their opposition to Plaintiffs' motion to dismiss on November 22, 2021. ECF Doc. No. 23. Plaintiffs replied to Defendants' opposition on December 13, 2021, raising arguments made for the first time on reply, including Plaintiffs' new assertion that Defendants' allegations of an oral joint venture were also refuted by the documentary evidence in question.[1]  ECF Doc. No. 30.

Prior to opposing Plaintiffs' spurious motion to dismiss, Defendants' filed a notice of *lis pendens* in connection with their Counterclaims before this Court on November 17, 2021 (the "*Lis*

---

[1]    Tellingly, Plaintiffs' memorandum of law in support of their motion to dismiss did not address Defendants' allegations of an oral joint venture. In fact, in Plaintiffs' memorandum of law, the phrase "joint venture" only appears once, in Plaintiffs' statement of facts. ECF Doc. No. 20 at 2.

3

*Pendens*"). ECF Doc. No. 22.  The *Lis Pendens* was filed by Defendants because Defendants' pending Counterclaims include a request for a declaration of ownership and a constructive trust with respect to the property underlying the Jersey Walk Development.  ECF Doc. No. 16 at 26.  On December 3, 2021, weeks after it was filed, Plaintiffs filed a letter with this Court requesting the Court vacate the Notice of *Lis Pendens*.  ECF Doc. No. 26.  On December 6, 2021, with little notice, Defendants opposed Plaintiffs' letter-motion.  ECF Doc. No. 27.  On December 7, 2021, this Court issued the OTSC.

## ARGUMENT

**I.     DEFENDANTS' *LIS PENDENS* SHOULD BE RULED UPON BY NEW JERSEY STATE COURT**

In their response to this Court's Order to Show Cause, Plaintiffs argue that this Court is best suited to rule upon Defendants' *Lis Pendens*. Defendants disagree. This Court should maintain jurisdiction over this action, but compel Plaintiffs to bring any challenge to Defendants' *lis pendens* in New Jersey state court.

First, the provision of New Jersey law that controls the letter-motion brought upon by Plaintiffs is N.J. Stat. 2A:15-7(b), which contemplates a party challenging "whether there is a probability that final judgment will be entered in favor of the plaintiff sufficient to justify the filing or continuation of the notice of lis pendens."  This provision applies where a *lis pendens* is maintained in an action that does not arise under a written instrument (which is instead controlled by N.J. Stat. 2A:15-7(a)).  Here, as explained in Defendants' Counterclaims, Defendants' opposition to Plaintiffs' motion to dismiss and Defendants' letter to this Court on the *lis pendens*, Defendants' well-pled allegations of its interest in Jersey Walk Development do not rely upon a written instrument, but instead seek to establish that there was an oral joint venture between Kramer and Acier Holdings LLC for the control and development of the Jersey Walk Development

4

property. Accordingly, Plaintiffs are constrained to rely upon N.J. Stat. 2A:15-7(b) in attempting to cancel Defendants' *Lis Pendens*.

This is crucial because N.J. Stat. 2A:15-7(b) specifically requires that any motion for such a determination be filed "in accordance with the Rules Governing the Courts of the State of New Jersey." This requirement is unlike any other provisions for the cancellation of a *lis pendens*. For example, N.J. Stat. 2A:15-10, which controls the cancellation of a *lis pendens* for non-prosecution, makes reference to "the court wherein the action is pending." N.J. Stat. 2A:15-7(b), however, includes no such reference, instead requiring such motions to be filed in accordance with New Jersey state court rules. Thus, the very language of New Jersey's statutes on cancelling a *lis pendens* suggests that, unlike other potential methods of cancelling a *lis pendens*, a challenge to the merits of a claim underlying a *lis pendens* (like the challenge brought by Plaintiffs), requires it to be heard in New Jersey state court under New Jersey state court rules. For this reason alone, Plaintiffs' challenge to Defendants' *Lis Pendens* should be ruled upon by a New Jersey state court.

Other considerations also dictate that Plaintiffs' challenge to Defendants' *lis pendens* would best be heard by a New Jersey state court. In particular, the grounds for where a *lis pendens* may be maintained have almost entirely been set by New Jersey state courts. In fact, though Plaintiffs cite a handful of cases where federal courts have struck down notices of *lis pendens*, the vast majority of case law evaluating the grounds for *lis pendens* comes from New Jersey state courts. *E.g. Polk v. Schwartz*, 166 N.J. Super. 292, 298 (Super. Ct. 1979) ("There is no doubt that an action to impress a constructive trust on realty affects title to that property, so that a notice of lis pendens may be filed under a statute such as ours."). These state law cases act as the goal posts for challenges to filed notices of *lis pendens*, and as a result, state courts have considerably greater experience in dictating these and other similar property doctrines. In fact, it is likely this greater

5

experience with notices of *lis pendens* that compelled the New Jersey state legislature to specify in N.J. Stat. 2A:15-7(b) that any motion under that section must be made in accordance with New Jersey state court rules. Therefore, the expertise of New Jersey state courts on matters of property and notices of *lis pendens* only further demonstrates that Plaintiffs should be made to challenge Defendants' *Lis Pendens* in New Jersey state court.

Finally, Plaintiffs will suffer no prejudice if they are made to litigate the validity of the *lis pendens* in New Jersey state court. This is the case for several reasons. First, state court is not in any way a problematic forum for Plaintiffs—Plaintiff CMT is a New Jersey limited liability company and according to Plaintiffs' own allegations, Plaintiffs have a stake in the ownership of New Jersey property. As such, Plaintiffs will not face any disadvantage in state court that would warrant this Court allowing Plaintiffs' challenge to Defendants' *Lis Pendens* to proceed here. Moreover, all Plaintiffs have filed in support of their challenge to Defendants' *Lis Pendens* is a single letter. Plaintiffs have not made a motion (as N.J. Stat. 2A:15-7(b) requires) nor have they endeavored to make any greater evidentiary showing on their challenge to Defendants' *Lis Pendens*. Given that this likely should have been required of Plaintiffs in the first place, Defendants will not be prejudiced by now being compelled to actually move in accordance with New Jersey state court rules.

## CONCLUSION

For all of the foregoing reasons, this Court should maintain jurisdiction over this litigation but compel Plaintiffs to challenge Defendants' *Lis Pendens* in New Jersey state court.

Dated: January 21, 2022

                                       **MORRISON COHEN LLP**

                                       By:   /s/ Y. David Scharf
                                       Y. David Scharf
                                       Christopher Milito (pro hac vice forthcoming)
                                       Collin A. Rose (pro hac vice forthcoming)
                                       909 Third Avenue
                                       New York, New York 10022
                                       212-735-8600

                                       *Attorneys for Defendants Acier Holdings LLC,*
                                       *Knight Construction, LLC, Dov Zabrowsky, Moshe*
                                       *Glatzer and Jacob Glatzer*