# **EXHIBIT 6**

# GUARANTY

THIS GUARANTY (this "**Guaranty**") dated as of June 13, 2017, made by **David Kramer** ("**David**"), an individual, with an address at 1161 21st Street, Brooklyn, New York 11210, **Dov Zabrowsky** ("**Dov**"), an individual, with an address at 878 Hearthstone Drive, Lakewood, New Jersey 08701, **Martin Zelcer** ("**Martin**"), an individual, with an address at 175 Benjamin Street, Toms River, New Jersey 08755, **Moshe Glatzer** ("**Moshe**"), an individual, with an address at 5 Stacy Court, Jackson, New Jersey 08527 and **Yaakov Glatzer** ("**Yaakov**"), an individual with an address at 116 11th Street, Lakewood, New Jersey 08701 (David, Dov, Martin, Moshe and Yaakov, collectively, and each, as the context may require, "**Guarantor**"), for the benefit of **Jersey Walk Mezzanine Lender LLC**, a New Jersey limited liability company, having an address at c/o ACHS Management Corp., 1412 Broadway, 3rd Floor, New York, New York 10018 ("**Lender**").

WHEREAS, **Jersey Walk Mezz LLC**, a New Jersey limited liability company ("**Borrower**"), has applied to Lender for a loan in the principal sum of **TWO MILLION and 00/100 DOLLARS ($2,000,000.00)** (the "**Loan**"), pursuant to that certain Mezzanine Loan Agreement of even date herewith between Borrower and Lender (as amended, restated, replaced, supplemented or otherwise modified, the "**Loan Agreement**"), which Loan will be evidenced by that certain Mezzanine Promissory Note (the "**Note**"), dated as of the date hereof, made by Borrower in favor of Lender (the "**Note**") secured by, among other things, that certain Pledge and Security Agreement (the "**Pledge**") made by Borrower in favor of Lender;

WHEREAS, David is the manager of Borrower, and has a financial interest in Borrower's obtaining the Loan;

WHEREAS, Dov, Martin, Moshe and Yaakov may in the future have an economic interest in CMT Developers LLC, the owner of the Property (as such term is defined in the Loan Agreement), and have a financial interest in Borrower's obtaining the Loan; and

WHEREAS, Lender is willing to make the Loan to Borrower only upon the condition that Guarantor executes and delivers this Guaranty.

NOW THEREFORE, For value received and other good and valuable consideration, the receipt of which is hereby acknowledged, and in order to induce Lender to make the Loan to Borrower, Guarantor hereby covenant(s) and agree(s) as follows:

1.      The undersigned hereby jointly and severally, absolutely, unconditionally and irrevocably guaranty to Lender (a) the full and prompt payment of all debts and other sums heretofore due and owing and hereafter to become due and owing from Borrower to Lender under the Note, the Pledge, the Loan Agreement and all other documents executed by Borrower in connection with or related to the Loan (collectively, the "**Loan Documents**") and (b) the full and timely performance and observance of each and every obligation, term, condition, provision, covenant, representation and warranty of Borrower under the Note, the Pledge and the Loan Documents (all such debts, other sums, obligations, terms, conditions, provisions, covenants, representations and warranties of the Borrower, collectively, the "**Obligations**"). Guarantor hereby covenants and agrees to and with Lender, its successors and/or assigns, that if Borrower shall at any time default, beyond applicable notice, grace and/or cure periods, if any, in the payment or performance of the Obligations, Guarantor, in each and

39099281v.4

every instance, shall and will forthwith pay such Obligations to the Lender, its successors and assigns, and shall and will forthwith faithfully perform and fulfill all of the Obligations, and will forthwith pay to Lender any and all damages that may arise as a result of any default by Borrower under the Note, the Pledge or the Loan Documents (including, without limitation, all reasonable attorneys' fees, disbursements and court costs suffered or paid by Lender in any action or proceeding between Lender and Borrower, between Lender and Guarantor or between Lender and any third party or otherwise) caused by any such default and/or by the enforcement of this Guaranty.

   **2.** Guarantor's obligations under this Guaranty shall remain in full force and effect without regard to, and shall not be modified, impaired or affected by, or diminished by reason of, any event or circumstance that might otherwise constitute a legal or equitable discharge of Guarantor, including, without limitation:  (a) any amendment, extension or modification of, or addition or supplement to, any of the terms, conditions or provisions of the Note, the Pledge or the Loan Documents or any assignment thereof; or (b) any compromise, release, consent, extension, indulgence or other action or inaction in respect to any of the terms, conditions or provisions of the Note, the Pledge or the Loan Documents; or (c) any consent, indulgence, exercise or non-exercise by Lender of any right, power or remedy under or in respect of the Note, the Pledge or the Loan Documents or any waiver of any such right, power or remedy or any dealings or transactions or matter or thing of any kind or nature between Borrower and Lender; or (d) any bankruptcy, insolvency, reorganization, arrangement, adjustment, composition, liquidation, or the like of Borrower, or the discharge or release of Borrower in any such bankruptcy proceeding; or (e) any limitations of Borrower's liability that may now or hereafter be imposed by any statute, regulation or rule of law, or (f) any illegality, irregularity, invalidity or unenforceability, in whole or in part, of the Note, the Pledge or the Loan Documents; or (g) any other circumstance, whether or not the Guarantor shall have had notice or knowledge thereof; or (h) any modification or waiver of or change in any of the terms, covenants, conditions or provisions of the Note, the Pledge or the Loan Documents by Borrower and Lender, notwithstanding that such modifications or amendments increase the liability of Guarantor hereunder.

   **3.** This Guaranty is an absolute and unconditional guaranty of payment and performance and not of collection.  Guarantor waives any right to require that any action be brought against Borrower or any other person or party or to require that resort be had to any security or to any balance of any deposit account or credit on the books of Lender in favor of Borrower or any other person or party.

   **4.** Guarantor agrees that all moneys available to Lender for application in payment or reduction of the Obligations may be applied by Lender in such manner and in such amounts and at such time or times and in such order, priority and proportions as Lender may elect.

   **5.** Guarantor agrees that, with or without notice or demand, Guarantor shall reimburse Lender for all costs and expenses (including, without limitation, reasonable attorney's fees, disbursements and court costs) incurred by Lender in connection with any action or proceeding brought by Lender to enforce the obligations of Guarantor under this Guaranty.

   **6.** Guarantor hereby consents that, from time to time, before or after any default by Borrower, with or without further notice to or assent from Guarantor, any security at any time held by or available to Lender for any obligation of Borrower, or any security at any time held by or available to Lender for any obligation of any other person or party secondarily or otherwise liable

for all or any portion of the Obligations, may be exchanged, surrendered or released and any obligation of Borrower, or of any such other person or party, may be changed, altered, renewed, extended, continued, surrendered, compromised, waived or released in whole or in part, or any default with respect thereto waived, and Lender may fail to set off and may release, in whole or in part, any balance of any deposit account or credit on its books in favor of Borrower, or of any such other person or party, and may extend further credit in any manner whatsoever to Borrower, and generally deal with Borrower or any such security or other person or party as Lender may see fit; and Guarantor shall remain bound under this Guaranty notwithstanding any such exchange, surrender, release, change, alteration, renewal, extension, continuance, compromise, waiver, inaction, extension of further credit or other dealing.

    **7.**    Guarantor hereby waives (a) notice of acceptance of this Guaranty and of the making of the Loan or any advance thereof by Lender to Borrower; (b) presentment and demand for payment of the Obligations or any portion thereof; (c) protest and notice of dishonor or default to Guarantor or to any other person or party with respect to the Obligations or any portion thereof, (d) all other notices to which Guarantor might otherwise be entitled; and (e) any demand for payment under this Guaranty.

    **8.**    Guarantor hereby represents and warrants:

    **(a)**    That this Guaranty constitutes the legal, valid and binding obligations of the Guarantor, enforceable against the Guarantor in accordance with its terms, subject to any applicable bankruptcy, insolvency or other similar law now or hereinafter in effect.

    **(b)**    Neither this Guaranty nor any of the documents executed in connection with the Loan to which the Guarantor is a party will violate any provision of law, rule, or regulation or any order of any court or other governmental agency to which the Guarantor is subject, the organizational documents of Guarantor, if any, the provisions of any agreement or instrument to which the Guarantor is a party or by which the Guarantor or any of the Guarantor's properties or assets are bound, or be in conflict with, result in a breach of, or constitute a default under (with or without notice or lapse of time), any such agreement or instrument, or result in the creation or imposition of any lien, charge or encumbrance of any nature whatsoever upon any properties or assets of the Guarantor.

    **(c)**    No action or approval by or of and no filing or registration with any governmental or public body or authority, any subdivision thereof, or the consent of any other person or entity, or any other legal formality is required in connection with the entering into, performance or enforcement of this Guaranty, except those as have been obtained or taken and with respect to which a copy or other satisfactory evidence thereof has been furnished to Lender.

    **(d)**    The financial statements and tax returns of Guarantor delivered to Lender are true, complete and accurate.

    **(e)**    Guarantor shall not terminate or dissolve or suspend Guarantor's usual business activities, or convey, sell, lease, transfer or otherwise dispose all or a substantial part of the Guarantor's assets during the term of this Guaranty.

    **9.**    Guarantor acknowledges that this Guaranty and the obligations of Guarantor under this Guaranty are and shall at all times continue to be absolute and unconditional in all respects, and

shall at all times be valid and enforceable irrespective of any other agreements or circumstances of any nature whatsoever that might otherwise constitute a defense to this Guaranty and the obligations of Guarantor under this Guaranty or the obligations of any other person or party (including, without limitation, Borrower) relating to this Guaranty or otherwise with respect to the Loan. This Guaranty sets forth the entire agreement and understanding of Lender and Guarantor, and Guarantor absolutely, unconditionally and irrevocably waives any and all right to assert any defense, setoff, counterclaim or cross-claim of any nature whatsoever with respect to this Guaranty or the obligations of Guarantor under this Guaranty or the obligations of any other person or party (including, without limitation, Borrower) relating to this Guaranty or otherwise with respect to the Loan, or in any action or proceeding brought by Lender to collect the Guaranteed Obligations, or any portion thereof, or to enforce the obligations of Guarantor under this Guaranty. Guarantor acknowledges that no oral or other agreements, understandings, representations or warranties exist with respect to this Guaranty or with respect to the obligations of Guarantor under this Guaranty, except those specifically set forth in this Guaranty.

**10.** Notwithstanding any payments made by Guarantor pursuant to the provisions of this Guaranty, Guarantor shall have no right of subrogation in and to the Note or the Pledge or the Loan Documents or any other security held by or available to Lender for the Obligations or the payment thereof until the Obligations have been paid in full to Lender or performed and all preference periods have lapsed. Guarantor agrees that if any payment made by the Borrower or the Guarantor to Lender or any portion of the Obligations is rescinded, recovered from or repaid by Lender, in whole or in part, in any bankruptcy, insolvency or similar proceeding instituted by or against the Borrower or Guarantor, this Guaranty shall continue to be fully applicable to such Obligations to the same extent as though the payment so recovered or repaid had never originally been made on such Obligations regardless of, and, without giving effect to, any discharge or release of the Guarantor's obligations hereunder granted by Lender after the date hereof.

**11.** **(a)** Each reference herein to Lender shall be deemed to include its successors and assigns, in whose favor the provisions of this Guaranty shall also inure. Each reference herein to Guarantor shall be deemed to include the heirs, executors, administrators, legal representatives, successors and assigns of Guarantor, all of whom shall be bound by the provisions of this Guaranty, provided, however, that Guarantor shall in no event or under any circumstance have the right without obtaining the prior written consent of Lender, in Lender's sole and absolute discretion, to assign or transfer the obligations and liabilities of Guarantor under this Guaranty, in whole or in part, to any other person, party or entity.

**(b)** The terms "undersigned" and "Guarantor" as used herein, if this Guaranty is signed by more than one party, shall mean the "undersigned and each of them" and "Guarantor and each of them" and each undertaking herein contained shall be their joint and several undertaking, provided, however, that in the next succeeding paragraph hereof the term "undersigned" and "Guarantor" shall mean the "undersigned or any of them" and "Guarantor and each of them." If any party hereto shall be a limited liability company, the agreements and obligations on the part of Guarantor herein contained shall remain in force and application notwithstanding any changes in the individuals composing the limited liability company, and the term "undersigned" and "Guarantor" shall include any altered or successive limited liability company or companies, but the predecessor limited liability company and its members shall not thereby be released from any obligations or liability hereunder.

39099281v.4

**(c)** No delay on the part of Lender in exercising any right or remedy under this Guaranty or failure to exercise the same shall operate as a waiver in whole or in part of any such right or remedy. No notice to or demand on Guarantor shall be deemed to be a waiver of the obligation of Guarantor or of the right of Lender to take further action without notice or demand as provided in this Guaranty.

**(d)** This Guaranty may be modified, amended, changed or terminated only by an agreement in writing signed by Lender and Guarantor. No waiver of any term, covenant or provision of this Guaranty shall be effective unless given in writing by Lender, and if so given by Lender, shall be effective only in the specific instance in which given.

**(e)** Guarantor hereby irrevocably and unconditionally waives, and Lender by its acceptance of this Guaranty irrevocably and unconditionally waives, any and all rights to trial by jury in any action, suit or counterclaim arising in connection with, out of or otherwise relating to this Guaranty.

**(f)** Any notice, request or demand given or made under this Guaranty shall be in writing and shall be hand delivered or sent by FedEx or other reputable overnight courier service or by postage prepaid registered or certified mail, return receipt requested, to the respective addresses set forth at the beginning of this Guaranty, and shall be deemed given (i) if sent by hand, when delivered; (ii) if sent by FedEx or other reputable courier service, one (1) day following deposit with such courier service; or (iii) if sent by registered or certified mail, three (3) business days after being postmarked. Refusal to accept delivery of a notice shall be deemed delivery thereof. Each party to this Guaranty may designate a change of address by notice given to the other party five (5) days prior to the date such change of address is to become effective. Notices required or permitted to be given hereunder may be given by a party's attorneys.

**(g)** This Guaranty is, and shall be deemed to be, a contract entered into under and pursuant to the laws of the State of New York and shall in all respects be governed, construed, applied and enforced in accordance with the laws of the State of New York without regard to the principles of conflicts of law of such State. No defense given or allowed by the laws of any other state or country shall be interposed in any action or proceeding hereon unless such defense is also given or allowed by the laws of the State of New York. Guarantor irrevocably submits to the jurisdiction of the state and federal courts sitting in the State, City and County of New York waives any objection to said venue.

**(h)** Guarantor agrees to submit to personal jurisdiction in the State of New York in any action or proceeding arising out of this Guaranty and, in furtherance of such agreement, Guarantor hereby agrees and consents that, without limiting other methods of obtaining jurisdiction, personal jurisdiction over Guarantor in any such action or proceeding may be obtained within or without the jurisdiction of any court (including, without limitation, a United States court) located in and for New York and that any process or notice of motion or other application to any such court in connection with any such action or proceeding may be served upon Guarantor by registered or certified mail to or by personal service at the last known address of Guarantor, whether such address is within or without the jurisdiction of any such court.

**(i)** No exculpatory provisions, if any, contained in the Note, the Pledge, the Loan Documents or in any other document or instrument executed and delivered in connection therewith

39099281v.4

or otherwise with respect to the Loan shall in any event or under any circumstance be deemed or construed to modify, qualify or affect in any manner whatsoever the personal recourse obligations and liabilities of Guarantor under this Guaranty.

**(j)** This Guaranty may be executed in one or more counterparts by some or all of the parties hereto, each of which counterparts shall be an original and all of which together shall constitute a single agreement of guaranty. The failure of any party listed below to execute this Guaranty, or any counterpart hereof, shall not release any other party from his obligations hereunder.

[Signature(s) follow.]

IN WITNESS WHEREOF, Guarantor has duly executed this Guaranty as of the day and year first above set forth.

**GUARANTOR:**

_____
Name: David Kramer

_____
Name: Dov Zabrowsky

_____
Name: Martin Zelcer

_____
Name: Moshe Glatzer

_____
Name: Yaakov Glatzer

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF QUEENS  )

On this 9 day of JUNE, in the year 2017, before me, the undersigned, personally appeared David Kramer, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public

CATHERINE V. CABRERA
NOTARY PUBLIC, State of New York
No. 01CA6007704
Qualified in Queens County
Commission Expires 5/26/20 18

IN WITNESS WHEREOF, Guarantor has duly executed this Guaranty as of the day and year first above set forth.

**GUARANTOR:**

Name: David Kramer

Name: Dov Zabrowsky

*/s/ Martin Zelcer*
Name: Martin Zelcer

Name: Moshe Glatzer

Name: Yaakov Glatzer

STATE OF NJ )
) ss.:
COUNTY OF OCEAN )

On this 9 day of June, in the year 2017, before me, the undersigned, personally appeared David Kramer, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

Notary Public

SARINA TEICHER
NOTARY PUBLIC OF NEW JERSEY
Comm. # 50040326
My Commission Expires 6/21/2021

IN WITNESS WHEREOF, Guarantor has duly executed this Guaranty as of the day and year first above set forth.

**GUARANTOR:**

_____
Name: David Kramer

_____
Name: Dov Zabrowsky

_____
Name: Martin Zelcer

_____
Name: Moshe Glatzer

_____
Name: Yaakov Glatzer

STATE OF  N.J.  )
                ) ss.:
COUNTY OF  OCEAN  )

On this 9th day of JUNE, in the year 2017, before me, the undersigned, personally appeared David Kramer, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public
SABRINA TEICHER
NOTARY PUBLIC OF NEW JERSEY
Comm. # 50040326
My Commission Expires 6/21/2021

STATE OF NJ                )
                           ) ss.:
COUNTY OF OCEAN            )

On this 9 day of June, in the year 2017, before me, the undersigned, personally appeared Dov Zabrowsky, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public

SARINA TEICHER
NOTARY PUBLIC OF NEW JERSEY
Comm. # 50040326
My Commission Expires 6/21/2021

STATE OF _____        )
                                ) ss.:
COUNTY OF _____       )

On this ____ day of _____, in the year 2017, before me, the undersigned, personally appeared Martin Zelcer, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF _____        )
                                ) ss.:
COUNTY OF _____       )

On this ____ day of _____, in the year 2017, before me, the undersigned, personally appeared Moshe Glatzer, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF _____ )
                                   ) ss.:
COUNTY OF _____ )

On this \_\_\_\_ day of _____, in the year 2017, before me, the undersigned, personally appeared Dov Zabrowsky, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

                                                                    Notary Public

STATE OF NJ )
                                ) ss.:
COUNTY OF Ocean )

On this 9 day of June, in the year 2017, before me, the undersigned, personally appeared Martin Zelcer, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

                                        Notary Public

SARINA TEICHER
NOTARY PUBLIC OF NEW JERSEY
Comm. # 50040326
My Commission Expires 6/21/2021

STATE OF _____ )
                                   ) ss.:
COUNTY OF _____ )

On this \_\_\_\_ day of _____, in the year 2017, before me, the undersigned, personally appeared Moshe Glatzer, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

                                        Notary Public

STATE OF _____ )
                            ) ss.:
COUNTY OF _____ )

On this \_\_\_\_ day of _____, in the year 2017, before me, the undersigned, personally appeared Dov Zabrowsky, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

                                                _____
                                                Notary Public


STATE OF _____ )
                            ) ss.:
COUNTY OF _____ )

On this \_\_\_\_ day of _____, in the year 2017, before me, the undersigned, personally appeared Martin Zelcer, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

                                                _____
                                                Notary Public


STATE OF  NJ  )
                            ) ss.:
COUNTY OF  Ocean  )

On this  9  day of  June , in the year 2017, before me, the undersigned, personally appeared Moshe Glatzer, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

                                                *[signature]*
                                                Notary Public

                                                SARINA TEICHER
                                     NOTARY PUBLIC OF NEW JERSEY
                                          Comm. # 50040326
                                      My Commission Expires 6/21/2021

SARINA TEICHER
NOTARY PUBLIC OF NEW JE....
Comm. # 50040326
My Commission Expires 6/21/20..

STATE OF  N.J.      )
                    ) ss.:
COUNTY OF OCEAN     )

On this __9th__ day of __June__, in the year 2017, before me, the undersigned, personally appeared Yaakov Glatzer, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public