# EXHIBIT 12

-----Original Message-----
From: Dov Zabrowsky
Sent: Thursday, June 6, 2019 3:56 PM
To: Eli <eli@thebatterygroup.com>
Cc: David Kramer <david@hilltopm.com>; Meir Krengel <meir@thebatterygroup.com>
Subject: RE: Note Amendment - Jersey Walk-2nd extension.pdf

Thanks,

Dov Zabrowsky
Acier Holdings
347-374-1475
dov@acierholdings.com


-----Original Message-----
From: Eli [mailto:eli@thebatterygroup.com]
Sent: Thursday, June 6, 2019 11:25 AM
To: Dov Zabrowsky <dov@acierholdings.com>
Cc: David Kramer <david@hilltopm.com>; Meir Krengel <meir@thebatterygroup.com>
Subject: Re: Note Amendment - Jersey Walk-2nd extension.pdf

Hi duvi, dov,
I'd like to have a date when we can expect the extension docs and corresponding terms completed. We have been patient, but I'm getting pressed by the principals with the question, "when?".

Sent from my iPhone

> On Jun 4, 2019, at 1:41 PM, Dov Zabrowsky <dov@acierholdings.com> wrote:
>
>
> Eli, as per our conversation on section 2 (c) I would suggest an allowance of 30 days to cure and also add in some language that states that if we are working to contest the lien in a legal manner that is acceptable to the lender that it would not trigger a default
>
>
> Thanks,
>
> Dov Zabrowsky
> Acier Holdings
> 347-374-1475
> dov@acierholdings.com
>
>
> -----Original Message-----
> From: Eli [mailto:eli@thebatterygroup.com]
> Sent: Tuesday, June 4, 2019 11:34 AM
> To: David Kramer <david@hilltopm.com>; Dov Zabrowsky <dov@acierholdings.com>; Naftali Plawes <nplawes@thebatterygroup.com>
> Subject: Note Amendment - Jersey Walk-2nd extension.pdf
>
> Note Amendment - Jersey Walk-2nd extension.pdf  as discussed, updated to reflect 20 of month for paydown dates
>
>

## NOTE AMENDMENT AGREEMENT

This NOTE AMENDMENT AGREEMENT (this "Amendment") is entered into as of March 25, 2019, by and between CMT Developers LLC, a New Jersey limited liability company, (the "Borrower") and TBG Funding LLC, a Delaware limited liability company, (the "Lender").

### RECITALS:

WHEREAS, the Borrower executed a Promissory Note dated March 28, 2018 in favor of the Lender (the "Note"), and a Mortgage and Security Agreement dated March 28, 2018 made by Borrower for the benefit Lender (the "Mortgage"), pursuant to which the Borrower granted to Lender a first mortgage lien on the real property described in the Mortgage, among other things, to secure the Borrower's obligations under the Note;

WHEREAS, the Borrower exercised its right to extend the Maturity Date to March 25, 2019 pursuant to a letter agreement dated March 6, 2019 between Borrower and Lender;

WHEREAS, the Borrower and the Lender desire to amend the Note to modify the maturity date thereof;

NOW THEREFORE, in consideration of the premises and the agreements herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

**Section 1.    Amendment to the Note; Conditions Precedent.**

(a) The Note is hereby amended to extend the Maturity Date to September 25, 2019. All references in the Note to the "Maturity Date" shall be deemed to mean September 25, 2019.

(b) In consideration of such extension and in addition to all other sums due under the Note, Borrower shall pay down the original principal balance of the Note in the amount of $1,000,000 on the following schedule:

A. Mortgage payment and 1% extension fee
B. $250,000 on or before ~~June 20, 2019~~; July 20th 2019
C. $250,000 on or before ~~July 20, 2019~~; August 20th 2019
D. $250,000 on or before ~~August 20, 2019; and~~ September 20th 2019
E. $250,000 on or before ~~September 20, 2019.~~ October 20th 2019

(c) In further consideration of such extension, Borrower shall pay a non-refundable extension fee to Lender equal to one percent (1.0%) of the original principal balance due under the Note.

(d) This Amendment is conditioned upon Borrower providing evidence acceptable to Lender that all real estate taxes (together with any penalties and interest, as applicable) have been

1

paid. Further, at the time of the extension, Borrower shall deposit with Lender all amounts necessary to pay any real estate taxes and insurance premiums that may become due during the extension period.

(e) Borrower shall pay all fees and expenses incurred by Lender in connection with this Amendment, including without limitation, the sum of $90 representing title charges.

**Section 2.** **Representations, Warranties and Covenants.** Borrower represents and warrants the following to Lender:

(a) there has not occurred an Event of Default, nor an event that with the passage of time would constitute an Event of Default.

(b) As of the execution of this Amendment, Borrower has no defenses to, or any offsets, claims or counterclaims of any kind or nature against or with respect to (i) the Note, the Mortgage or any of the other documents delivered in connection with the Loan (the "Loan Documents") or (ii) the obligation of Borrower to repay all of the indebtedness now due and owing to the Lender.

(c) Borrower agrees to cure all violations and pay any fines and fees arising in connection with the Property, including, without limitation, any outstanding taxes, fines or any other obligation that may become a lien on the Property within five (5) days after notice by Lender. Failure to comply with the foregoing shall be an Event of Default.

**Section 3.** **Effectiveness.** This Amendment shall become effective upon its execution by the Lender and the Borrower and satisfaction by the Borrower of all conditions precedent set forth in Section 1 hereof.

**Section 4.** **Miscellaneous.**

(a) Subject to the restrictions on transfer set forth in the Note and the Mortgage, this Amendment shall be binding upon and benefit the successors, assigns, heirs, administrators and transferees of the parties.

(b) Except as expressly set forth herein, nothing herein shall be deemed to constitute an amendment, waiver or modification of any provision of the Note, all of which remain in full force and effect. Nothing herein shall be deemed to entitle the Borrower to any further amendment, waiver or modification of any provision of the Note, or to any consent to, or any amendment, waiver or modification of, any other action, agreement, instrument or document. Except as modified hereby, Borrower reaffirms all representations and covenants of Borrower set forth in the Note, the Mortgage and the other Loan Documents entered into in connection with the Loan. This Amendment is not intended to be, nor shall it be construed as, a novation of the Note.

(c) Any provision of this Amendment may be amended, waived or modified only upon the written consent of the Borrower and the Lender.

(d)     This Amendment may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but all of which shall together constitute one and the same agreement.

(e)     This Amendment and all actions arising out of or in connection with this Amendment shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflicts of law provisions.

(f)     All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Note and the Mortgage.

[SIGNATURE PAGE TO FOLLOW]

3

IN WITNESS WHEREOF, the parties hereto have caused this Note Amendment Agreement to be duly executed and delivered as of the date first above written.

BORROWER:

**CMT DEVELOPERS LLC**

By: _[signature]_
Name: Pav Zebrowski
Title:

LENDER:

**TBG FUNDING LLC**

By: _____
Name:
Title:

4

## REAFFIRMATION OF GUARANTY

In consideration of TBG Funding LLC ("Lender") entering into that certain Note Amendment Agreement dated as of March 25, 2019 with CMT Developers LLC (the "**Agreement**") and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the undersigned, as guarantors ("**Guarantors**") under that certain Guaranty dated as of March 28, 2018 in favor of Lender (the "**Guaranty**"), hereby agree as follows:

1.	Each of the undersigned hereby consents to all of the terms and conditions of the Agreement. Each of the Guarantors, jointly and severally, hereby reaffirms all of the obligations of Guarantor under the Guaranty.

2.	Guarantors acknowledge and agree that the Guaranty, as reaffirmed hereby, shall continue in full force and effect, and that Guarantors, as of the date hereof, have no claims, defenses, offsets or counterclaims to or against enforcement of the Guaranty in accordance with its terms.

3.	All capitalized terms used herein and not otherwise defined shall have the meanings given to such terms in the Guaranty.

IN WITNESS WHEREOF, each Guarantor has executed this Reaffirmation of Guaranty as of the date first set forth above.

_/s/ David Kramer_
**DAVID KRAMER**, Individually


**ACIER HOLDINGS LLC**

By: _/s/ Dov Zabrowsky_
Name: Dov Zabrowsky
TITLE: Managing Member

5