

# OVED & OVED
ATTORNEYS

January 31, 2023

**VIA ECF**
The Honorable Zahid N. Quraishi
United States District Judge
District of New Jersey
402 East State Street
Trenton, NJ 08608

        Re:    *CMT Developers LLC and David Kramer v. Acier Holdings LLC, et al.,*
               D.N.J. Docket No.: 3:21-cv-12517 (ZNQ)

Dear Judge Quraishi:

      This law firm represents Plaintiffs CMT Developers LLC ("CMT") and David Kramer ("Kramer") (collectively, "Plaintiffs") in connection with the above-referenced matter. We write in furtherance of Plaintiffs' motion to discharge the improper *lis pendens* (the "Improper Lis Pendens") filed by Defendants Acier Holdings LLC ("Acier"), Knight Construction, LLC ("Knight"), Dov Zabrowsky, Moshe Glatzer and Jacob Glatzer (collectively, "Defendants") concerning CMT's property (the "Property") located at 901-931 E. Jersey Street, Elizabeth, New Jersey 07201 (Block 7, Lot 312) (the "Motion to Discharge").

      The high-interest rate loans that are presently encumbering the Property and funding its development are financially crippling Plaintiffs and set to mature imminently. Plaintiffs are poised to refinance those high-interest rate loans (which are presently at 11.5%) and replace them with a new loan at nearly half the interest rate (*i.e.* 5.25%). However, the Improper Lis Pendens is preventing the impending and imperative closing on that refinancing. <u>If this refinancing does not proceed, the Property will be lost and CMT will continue to be obligated to pay an exorbitant interest rate—an outcome that harms Plaintiffs and Defendants—if they are, as they allege to be, Plaintiffs' co-venturers/partners in CMT.</u> <u>Indeed, no true co-venturer/partner would impede such a transaction as it only saves the project money and reserves a greater portion of profits to whomever the true owner or owners are</u>. Indeed, without the refinancing, CMT will be unable to continue to fund the project. Accordingly, and as detailed *infra*, Plaintiffs respectfully request that the Court discharge the Improper Lis Pendens.

**A.**     <u>**The Parties and Their Respective Allegations**</u>

      By way of background, CMT purchased the Property in or around January 2016, with the intention of developing the Property into an apartment complex with more than 500 units, ground floor retail space and an appurtenant parking garage (the "Development Project"). The general contractor for the Development Project is Knight, which is owned by Acier.

      "On January 29, 2016, CMT's [then] managing member, Zelcer (a member of Acier), sold CMT to Kramer for $11 million." Countercl. ¶ 17. A copy of an Assignment of Membership

Interests conveying to Kramer a 100% ownership interest in CMT—signed by Mr. Zelcer—is at ECF Dkt. No. 21-2.  In accordance therewith, CMT's March 2018 Amended Operating Agreement (the "AOA"), states that Kramer is the sole member of CMT.  In connection with certain financing for the Development Project that Plaintiffs obtained on or about March 28, 2018, Acier certified that (a) the AOA was "a true, complete and correct" and (b) that Kramer was the "sole member of Borrower.  ECF Dkt. No. 21-3.  Despite the foregoing, Defendants began claiming to the public, including Plaintiffs' lenders and potential lenders, that Defendants were owners of CMT.

As such, on or about June 14, 2021, Plaintiffs commenced this action seeking, *inter alia*, a declaratory judgment that Defendants have no ownership interest in CMT.  On or about October 6, 2021, Defendants filed their answer and counterclaim alleging that "Acier is a joint venture partner with Kramer <u>in CMT</u>" and seeking a declaratory judgment that Defendants are members of CMT and, as such, "Acier and Kramer are co-venturers with respect to the Jersey Walk Development" (the "Declaratory Judgment Counterclaim").  ECF Dkt. No. 16 ¶¶ 15, 16, 27, 66.

B. **<u>Defendants' Improper Lis Pendens</u>**

On or about October 27, 2021, Plaintiffs filed a motion to dismiss the Declaratory Judgment Counterclaim based on, *inter alia*, the aforementioned documentary evidence of Kramer's sole ownership in CMT.  ECF Dkt. Nos. 19-21.  In response, on or about November 17, 2021, Defendants filed the Improper Lis Pendens; <u>despite the undisputed fact that this case centers around whether Defendants possess a membership interest in CMT (and not real property)</u>.  ECF Dkt. No. 22.  The Improper Lis Pendens was, and remains, a thinly-veiled end-run around Defendants' fatally flawed Declaratory Judgment Counterclaim designed to improperly cloud title to CMT's wholly-owned Property in the hopes of extracting an unwarranted settlement.

On or about December 3, 2021, Plaintiffs first moved by letter motion, and then by formal motion, to discharge the Improper Lis Pendens, which Motion to Discharge is fully briefed and *sub judice*.  ECF Dkt. Nos. 26, 35-40, 50.

C. **<u>The Impending Refinancing</u>**

The present financing for the Development Project is at a very high interest rate (11.5%) which is financially crippling CMT and is set to mature immanently.  As such, it must immediately be refinanced in order to discharge that debt.  Plaintiffs—who arranged for the original financing, and the refinancing, and who personally guaranteed same—are poised to refinance the loans secured by the Property that fund the Development Project and at a significantly lower interest rate, without taking any cash out for Kramer.

D. **<u>The Improper Lis Pendens Must be Discharged</u>**

As demonstrated in the Motion to Discharge, the Improper Lis Pendens must be vacated because Defendants cannot demonstrate that there is a probability that final judgment will be entered in their favor sufficient to justify its filing or continuation.  New Jersey law specifically provides a party the right to file a motion to discharge a *lis pendens* under Section 2A:15-7(b), <u>which places the burden on the filer of that *lis pendens* to show that "there is a probability that</u>

<u>final judgment will be entered in favor of the [filer] sufficient to justify the filing or continuation of the notice of *lis pendens*.</u>"  N.J.S.A. 2A:15-7(b).  As the Court explained in *Z Fernandes v. Deutsche Bank Nat'l Trust Co.*, in determining whether to discharge a *lis pendens*:

> courts "'weigh the strengths of [the] plaintiff[']s case <u>against the detriment imposed on [the] defendant by reason of the filing</u> of the notice of *lis pendens*.'"

157 F. Supp. 3d 383, 387 (D.N.J. 2015) (quoting S*tephen N. Frankel Real Estate, Inc. v. Merrett*, 2011 WL 1085531, at *4 (N.J. Super. Ct. App. Div. Mar. 25, 2011)).  As detailed in Plaintiffs' Motion to Discharge the Improper Lis Pendens, Defendants fail this balancing test.

First, Defendants' Declaratory Judgment Counterclaim does not concern an interest in real property but rather a membership interest in a limited liability company, CMT, *which <u>is personal, not real, property</u>*, even though it owns real property.  *Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C. v. Stanziale* (*In re Rebinowitz*) 2011 Bankr. LEXIS 5131, *20 (U.S.B.C. D.N.J. 2011); *Tarragon Corp. v. Northland Portfolio, L.P.*, 2010 Bankr. LEXIS 1710, at *10 (Bankr. D.N.J. June 9, 2010) (adopting *Mangione v. Jaffe*, 61 S.W.3d 591, 593 (Tex. Ct. App. 2001)).

Second, Defendants' Declaratory Judgment Counterclaim seeking to enforce an alleged oral joint venture agreement is baseless and belied by documentary evidence, such as the transfer of 100% of Acier's interest in CMT to Kramer, and Acier's subsequent ratification that the AOA is true and accurate and that Kramer is the 100% owner of CMT—which all contradict the alleged oral agreement.  *See Summit Transp. Corp. v. Hess Energy Mktg.*, 2019 U.S. Dist. LEXIS 16981, at *39 (D.N.J. Feb. 1, 2019) (no joint venture because "the alleged joint venture would contradict the express terms of the Transportation Agreement," where defendant was the sole owner of the property and written agreement did not reference a sharing of profits); *accord Citicorp Leasing, Inc. v. Kusher Family Ltd. P'ship*, 2006 U.S. Dist. LEXIS 50682, at *21 (S.D.N.Y. July 14, 2006).

Third, the Improper Lis Pendens does not serve the primary purpose of a true *lis pendens*: to advise the world of a litigation concerning the ownership of real property, so that it does not unknowingly fall into the wrong hands.  Rather, the Improper Lis Pendens was tactically designed to prevent Plaintiffs from accessing financing on the Property and cause significant hardship, while providing no substantive benefits to Defendants.

Indeed, <u>if Defendants are, as they claim, *arguendo*, owners of CMT and thus the Property and/or seek to reap the benefits of the Development Project, it would only serve their interest to discharge the Improper Lis Pendens to permit the refinancing of the Property</u> because (i) without the refinancing, the Project will be lost to the banks; and (ii) any and all profits anyone is entitled to receive are being and will continue to be greatly diminished by every dollar of excess interest Plaintiffs are paying on behalf of the Development Project.

If Defendants were true owners, as they claim, they would want to seek to ensure that the Property is not lost and that there are profits left to recoup after the banks are paid.  Defendants' opposition to this position belies their allegations and underscores that they are not true "owners" but mere contractors.

January 31, 2023
Page 4

    Accordingly, Plaintiffs respectfully request that Plaintiffs' Motion to Discharge the Improper Lis Pendens be granted so that the Property and any potential benefit to its true owners (be they Plaintiffs or, *arguendo*, Plaintiffs and Defendants) is not eviscerated.

    We thank the Court for its time and attention to this matter.

               Respectfully submitted,

                Aaron J. Solomon, Esq.